

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2008

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4331

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. White" (2008). *2008 Decisions.* Paper 1786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4331
_____

UNITED STATES OF AMERICA

v.

JACOB WHITE,

Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00212)
District Judge:  Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
January 7, 2008

Before:  FISHER, HARDIMAN and ALDISERT, *Circuit Judges*.

(Filed:  January 8, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Following his guilty plea to distribution and possession with intent to distribute

methamphetamine, in violation of 21 U.S.C. § 841(a)(1), Jacob White was sentenced to

150 months' imprisonment.  During White's first appeal, the Government agreed that he

was entitled to a downward departure for substantial cooperation with authorities, and at resentencing, White was sentenced to 78 months' imprisonment. White now appeals from that sentence, arguing that the District Court neglected to consider the lighter sentences imposed on similarly situated defendants. For the reasons that follow, we will affirm.

## I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

At his original sentencing hearing, White argued that the various other methamphetamine distribution cases in the United States District Court for the Middle District of Pennsylvania resulted in sentences no greater than 64 months, even when the drug quantities exceeded that attributable to White. The District Court concluded:

> "I want you to know this, that every time an individual comes in the courtroom, every case is different. Sometimes people commit the same kind of a crime, and there's a difference in the way the Judge looks at it. We studied the presentence report. . . . Now, I don't know that in depth, that study that you made about these other cases, but I will tell you what, I don't know any one of them that has 19 criminal history points. . . . I have no idea what you're talking about these individual cases, and so I don't think that that is the standard by which I'm going to impose a sentence on this fellow. So your motion for a sentence of 60 months downward departure for those reasons about a disparity is denied."

Later, while considering the factors under 18 U.S.C. § 3553(a), the District Court stated that White's counsel "brings up a lot of cases, which I don't know about the cases,

2

because every single case that comes before a Judge is very different." It then sentenced White to 150 months.

At White's resentencing hearing, the District Court granted the Government's motion for a downward departure of four levels, and departed downward two additional levels following White's testimony regarding his substantial assistance to authorities, from a total offense level of 27 to 21. Combined with a criminal history category of VI, this resulted in a Guidelines range of 77 to 96 months.

The District Court then again heard argument on whether it should vary downward to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). It concluded: "Now, if you're . . . alluding to some other lesser – much lesser sentences, and requesting the court to impose a sentence in those numbers that you gave me, for purposes of your objection I'm denying your objection to that."

It also stated:

"He has one juvenile adjudication, and four adult convictions, which did not qualify for points under the Guidelines. Regardless, the subject has accumulated 19 criminal history points, which place him in a criminal category – history category six. His prior record also displays several parole violations and reflects his continued criminal behavior. The instant offense is unrelated to the state sentence the defendant is currently serving. The subject employment history is minimal at best."

The District Court then imposed a sentence of 78 months' imprisonment. The instant appeal followed.

## II.

3

We have jurisdiction to review the sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *United States v. Cooper*, 437 F.3d 324, 327 n.4 (3d Cir. 2006). We review the sentence for abuse of discretion. *Gall v. United States*, 128 S. Ct. 586, 600 (Dec. 10, 2007).

White's only argument on this, his second appeal, is that the District Court failed to consider the § 3553(a)(6) factor of unwarranted sentence disparities. In *United States v. Charles*, 467 F.3d 828 (3d Cir. 2006), we rejected a similar argument. In doing so, we reasoned:

> "The 'need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' 18 U.S.C. § 3553(a)(6), is just one factor (if relevant) that should be balanced against the others (again, if relevant). Charles concludes that his sentence will create unwarranted disparities based on three District Court cases from the Middle District of Pennsylvania where, pre-*Booker*, inmates received mid-range or below-range Guidelines sentences for possession of knife-like objects. As the Government correctly notes, Charles has not shown that any of the defendants in the District Court cases to which he cites are similarly situated to him for purposes of comparing career offenders with a history of institutional misconduct, and therefore relevant for a § 3553(a)(6) comparison. Even if he had, a mere similarity would not be enough to overcome the high level of deference we accord sentencing judges."

*Id.* at 833 (internal citations omitted).

The same reasoning applies to White's case. Here, the District Court stated that it was not aware that any of the other methamphetamine-distributing defendants had 19 criminal history points, nor did White so suggest. This fact alone renders White not

4

similarly situated with the others.[1]  Nor does White indicate that the other defendants he cites had the specific offense characteristic of possessing a dangerous weapon, which contributed another two levels to White's total offense level under the Guidelines.

Moreover, the argument that the District Court needed to cite explicitly language in § 3553(a)(6) is a nonstarter.  *See id.* at 831.  Here, the District Court explained thoroughly as a procedural matter and reasonably as a substantive matter at both sentencing hearings why it declined to impose a sentence based on what other defendants in the Middle District of Pennsylvania received and so met our "requirement to state adequate reasons for a sentence on the record so that we can engage in meaningful appellate review."  *Id.* (internal brackets and citation omitted).  Finally, the record contains no indication that the District Court's exercise of discretion not to vary downward constituted a belief that it was not permitted to do so.

### III.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.

---

[1]For example, for a defendant with a total offense level of 21, the Guidelines range is 37 to 46 months for criminal history category I and 46 to 57 months for criminal history category III.  White ignores the high probability that the defendants he cites for comparison may have started in one of the lower ranges and so are not similarly situated to him.