### UNITED STATES of America
### v.
### Darvell KELLY, Appellant.
### No. 06–3727.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) April 14, 2008.

Filed: April 15, 2008.

William A. Behe, Office of United States Attorney, Harrisburg, PA, for Appellee.

Darvell Kelly, Fairton, NJ, for Appellant.

Before: SLOVITER, JORDAN, and ALARCÓN,* Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

Darvell Kelly appeals his sentence imposed following his conviction by a jury on drug distribution charges. Kelly argues that the District Court failed to discuss at sentencing the factors under 18 U.S.C. § 3553(a). For the reasons set forth below, we will vacate Kelly's sentence and remand for resentencing.

**I.**

Following a trial on June 6 and 7, 2005, a jury found Appellant Darvell Kelly guilty on three counts of drug distribution and two counts of use of a telephone/cell phone in furtherance of committing a drug offense. The jury found Kelly not guilty on a conspiracy count. The charges stemmed from two controlled drug purchases made from Kelly by Christopher Keppel, a Pennsylvania state trooper acting undercover, and a cooperating witness. On two separate occasions, the cooperating witness, with Trooper Keppel's assistance, called Kelly to arrange to purchase crack cocaine. Sometime in April 2004, Kelly sold the cooperating witness one-half ounce (approximately eleven grams) of crack cocaine near the parking lot of a Turkey Hill convenience store in York, Pennsylvania. On May 13, 2004, Kelly sold the cooperating witness an additional ounce (approximately twenty-eight grams) of crack cocaine at the same location. Trooper Keppel was present for both purchases.

In convicting Kelly, the jury found that the total quantity of crack cocaine was fifty grams or more, and that at least five but less than fifty grams of crack cocaine were distributed on each of the two occasions at issue. The Probation Office prepared a Pre–Sentence Investigation Report and calculated Kelly's offense level as Level 34, based on its statement that Kelly had been responsible for at least 150 but less than

* Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

500 grams of crack cocaine. Kelly objected to the drug quantity finding, and the District Court reduced the offense level to Level 32, using the jury's drug quantity findings of 50 grams or more rather than that in the PSR.

The United States Sentencing Guidelines range for a Level 32 offense with a criminal history category of VI is 210–262 months. The District Court, after hearing arguments from counsel and a statement from Kelly, sentenced Kelly to 222 months on each of the three drug distribution counts and to 48 months on each of the telephone use counts, to be served concurrently.

## II.

We review a sentence imposed by the District Court for reasonableness. *United States v. Cooper*, 437 F.3d 324, 326–27 (3d Cir.2006) (citing *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). The appellant has the burden of proving unreasonableness. *Id.* at 332. In evaluating reasonableness, we consider (1) whether the District Court correctly calculated the applicable Sentencing Guideline range; (2) whether the District Court gave "meaningful consideration" to the sentencing factors set forth at 18

U.S.C. § 3553(a) [1] and addressed any significant issues raised by the parties; and (3) whether the § 3553(a) factors were reasonably applied. *United States v. Hankerson*, 496 F.3d 303, 308 (3d Cir.2007) (citing *Cooper*, 437 F.3d at 329–32). Our review of the District Court's application of the § 3553(a) factors is necessarily deferential, as the District Court is best situated to determine an appropriate sentence based on the circumstances of the case. *Id.*

Kelly does not contest that the District Court correctly calculated the sentencing range under the Sentencing Guidelines. Instead, Kelly contends that we cannot determine whether the District Court properly exercised its discretion in sentencing him because the Court did not fully discuss the sentencing factors set forth at 18 U.S.C. § 3553(a). In support of its sentencing decision, the District Court stated:

> I realize that the penalties in state court are less than they are in federal court, but I'm concerned about disparity in the federal sentencing scheme. And while I think these sentences are very, very heavy, nevertheless, I can tell you a lot of people come in here facing these same ranges .... the evidence against [Kelly] was very, very strong.... I don't think

---

1. 18 U.S.C. § 3553(a) provides in pertinent part that the sentencing court "shall consider":

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... issued by the Sentencing Commission ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ...;

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

[Kelly] testified truthfully at trial. And considering all of the other factors that go into this and my concern about sentencing other people to terms like this and avoiding disparity in sentencing, it is my judgment that the guideline range here is presumptively valid, and I will sentence within that range.

App. at 363, 365–66.

After the District Court's sentencing decision, this court stated in *Cooper,* 437 F.3d at 331–32, that although "[t]here are no magic words that a district judge must invoke when sentencing," *id.* at 332, the record must indicate not only consideration of the advisory Sentencing Guidelines but of the other § 3553(a) factors as well. *Id.* at 331–32. We held that in order to determine whether the court acted reasonably in imposing the sentence, we must first be satisfied that the court exercised its discretion by considering the relevant factors. *Id.* at 329. As we noted at the outset, Kelly argues that his sentence should be vacated because the District Court failed to discuss the § 3553(a) factors on the record. Kelly did not argue at the sentencing hearing, nor does he now on appeal, that the Court should have more fully considered a specific § 3553(a) factor that weighed in his favor. Instead, Kelly argues essentially that the District Court's sentence was procedurally flawed. *See United States v. Goff,* 501 F.3d 250, 256 (3d Cir.2007) (concluding that district court's failure adequately to discuss § 3553(a) factors was a procedural flaw).

We recognize that the District Court could not have anticipated the decisions that this court announced subsequent to its sentencing, but in light of those decisions we conclude that the District Court's explanation of the basis for its sentencing decision does not adequately permit appellate review. *See United States v. Charles,* 467 F.3d 828, 831 (3d Cir.2006) (requiring district courts to state adequate reasons

for sentence on the record to allow for "meaningful appellate review") (internal quotation marks and citation omitted). Although the District Court summarily asserted that its sentence "satisfies the purposes set forth in [§ ] 3553(a) of 18 United States Code," App. at 367, this explanation does not permit meaningful appellate review in light of the fact that the District Court did not adequately discuss the § 3553(a) factors as now required by *Cooper.* Therefore, we will vacate Kelly's sentence and remand.

Kelly also contends that his sentence should be vacated because the District Court did not indicate whether it considered the different penalties assigned to crack versus powder cocaine in the Sentencing Guidelines. In *United States v. Gunter,* we held that a district court may take the crack/powder cocaine disparity into account in determining a sentence. 462 F.3d 237, 249 (3d Cir.2006). Thereafter, in *Kimbrough v. United States,* —— U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the Supreme Court held that district courts may consider the crack/powder cocaine disparity in making their sentencing decisions. *See United States v. Wise,* 515 F.3d 207, 222–23 (3d Cir.2008). Decisions rendered while a case is on appeal, as here, are applicable precedent. *Virgin Islands v. Civil,* 591 F.2d 255, 258 (3d Cir. 1979). The record is unclear as to whether the District Court understood the differential to be mandatory or discretionary, as it was not discussed on the record or raised by Kelly at the sentencing hearing.

### III.

For the reasons set forth, we will vacate Kelly's sentence and remand for resentencing.