

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2008

# USA v. French

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. French" (2008). *2008 Decisions*. Paper 110.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/110

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1193

UNITED STATES OF AMERICA

v.

ALAN FRENCH,
a/k/a Allen French, a/k/a Joseph Quinn

Alan French,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 06-cr-0011-2
(Honorable James T. Giles)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2008

Before: SCIRICA, *Chief Judge*, FUENTES and HARDIMAN, *Circuit Judges*.

(Filed December 15, 2008)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Alan French, was convicted of several charges arising from his participation in the armed robbery of a restaurant.[1] The District Court sentenced French to 300 months imprisonment, 5 years supervised release, a $3,000 fine, a $300 special assessment, and $800 of restitution.

French challenges his sentence, but does not challenge his conviction. He contends the District Court imposed an unreasonable sentence by applying a U.S.S.G. § 4B1.1 career-offender enhancement.[2]  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we review the District Court's decision under an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

---

[1] French was charged with interfering with interstate commerce by robbery ("Hobbs Act robbery") in violation of 18 U.S.C. § 1951(a), knowingly using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1), unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), and aiding and abetting in each under 18 U.S.C. § 2.  French was convicted by jury on counts one and two. After the jury convicted him for counts one and two, but before the second half of his bifurcated trial, French pleaded guilty to count three.

[2] French also contends the District Court abused its discretion in refusing to grant a downward adjustment under U.S.S.G. § 3E1.1; and further abused its discretion in applying an upward adjustment under U.S.S.G. § 2B3.1(b)(4)(B).  However, our resolution of the first issue precludes the need to confront these additional contentions.
    The recommended Guideline range for French's sentence was based entirely on a career-offender enhancement imposed under U.S.S.G. § 4B1.1(c).  The second and third issues pertain to adjustments to the underlying offense level which  do not affect the § 4B1.1(c) enhancement. Accordingly, because we will affirm the District Court's decision to apply a 4B1.1(c) career offender enhancement, any decision as to issues two or three will have no impact on the Guidelines calculation, and we need not reach them here.

French contends the sentence imposed by the District Court is unreasonable in light of his criminal history. Based on his conviction for § 1951(a) Hobbs Act robbery and the application of a career-offender enhancement applied under U.S.S.G. § 4B1.1, the recommended Guideline sentencing range was 360 months to life imprisonment. A career-offender enhancement is appropriate where:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is . . . a crime of violence . . . ; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

French satisfies each of the three § 4B1.1(a) criteria. First, on the day of the robbery French was over 18 years old. Second, Hobbs Act robbery is a crime of violence.[3] Third, French had at least two prior convictions for violent, felony crimes: in 1993, he was convicted of aggravated assault for stabbing a victim in the head, shoulder, arm, and hand with a screwdriver, and, in 1998, he was convicted of robbing a grocery store by pressing the barrel of an imitation handgun into the neck of a female employee. Despite the applicability of § 4B1.1(a), French contends that his sentence is unreasonable because his criminal history does not warrant such a severe enhancement.

---

[3] A "crime of violence" is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." U.S.S.G. § 4B1.2(a)(1).

The touchstone of post-*Booker* sentencing is reasonableness. *United States v. Booker*, 543 U.S. 220, 261 (2005); *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) ("We review a sentence for reasonableness, evaluating both its procedural and substantive underpinnings."). When considering the reasonableness of a sentence, this court engages in a two-part inquiry.

First, we must "ensure that the district court committed no significant procedural error in arriving at its decision." *United States v. Wise*, 515 F.3d 207, 217 (2008). This requires our finding the district court has, *inter alia*, undertaken a "meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)," *Lessner*, 498 F.3d at 203, and has "adequately explain[ed] the chosen sentence—including an explanation for any deviation from the guidelines range." *Wise*, 515 F.3d at 217 (quoting *Gall*, 128 S. Ct. at 597). However, "[a] sentencing court need not make findings as to each [§ 3553(a)] factor if the record otherwise makes clear that the court took the factors into account," *Lessner*, 498 F.3d at 203, and it is not required "to state on the record that [it] [has] explicitly considered each of the § 3553(a) factors or to discuss each of the . . . factors." *United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).

Second, if the district court's decision contains no procedural error, we "consider the substantive reasonableness of the sentence imposed." *Gall*, 128 S. Ct. at 597. To be substantively reasonable, the final sentence must be "premised upon appropriate and judicious consideration of the relevant [§ 3553(a)] factors." *Lessner*, 498 F.3d at 204

4

(quoting *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir. 2006)). Our substantive reasonableness review takes into account the "totality of the circumstances," *Gall*, 128 S. Ct. at 597, but recognizes "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a)," *Id.* Although we do not apply a presumption of reasonableness when the imposed sentence falls outside the recommended Guidelines range, we do "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 128 S. Ct. 597. We consider whether the District Court committed procedural error by failing to meaningfully consider the § 3553(a) factors. At the sentencing hearing, the District Court considered arguments from French, his attorney, and several witnesses who testified on French's behalf. Thereafter, the court expressly considered a number § 3553(a) factors, including (1) French's personal history, including his mental and behavioral characteristics; (2) the seriousness of French's crime, his lack of respect for the law, and the need to deter him from committing future crimes; (3) the need to provide French with vocational training and medical and correctional treatment; (4) the recommended Guideline range as set forth in the presentence report; and (5) the need for the victims to receive monetary restitution. We are satisfied that the District Court meaningfully considered the appropriate factors, and we find no procedural error in that regard.

Furthermore, the District Court recognized it was imposing a sentence five years below that recommended by the Guidelines, and attributed this variance to mitigating factors involving the robbery itself and to the court's determination that 25 years was

5

sufficient. This explanation is procedurally sufficient. Nonetheless French contends the District Court's application of a career offender enhancement overstated his criminal history and rendered his sentence substantively unreasonable. Contrary to French's allegation that the District Court engaged in a "[r]ote application" of the guideline provisions, the court's sentencing decision reflects both a judicious consideration of those factors and a prudent application of its post-*Booker* sentencing discretion.

In light of French's lifelong record of violent criminal activity and the serious nature of his most recent offense, the career offender enhancement was reasonable. Although that enhancement results in a recommended Guidelines range of 360 months to life, U.S.S.G. § 4B1.1, the District Court imposed a 300 month sentence–60 months *below* the minimum recommended by the Guidelines. Before granting this variance, however, the District Court engaged in a meaningful consideration of *all* the § 3553(a) factors, and we "give due deference to [its] decision that the [factors], on a whole, justify the extent of the variance." *Gall*, 128 S. Ct. 597. Accordingly, because it "falls within the broad range of possible sentences that can be considered reasonable in light of [those] factors," *Wise*, 515 F.3d at 218, we conclude French's sentence is substantively reasonable.

The District Court's application of a career-offender enhancement was proper, and the consequent sentence is both procedurally and substantively reasonable. Because we find no error, we will affirm the judgment of conviction and sentence.