

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2008

# USA v. Columna-Romero

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4279

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Columna-Romero" (2008). *2008 Decisions*. Paper 30.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/30

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-4279

UNITED STATES OF AMERICA

v.

DEMETRIO COLUMNA-ROMERO,
                                                                        Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 07-cr-00239
(Honorable Juan R. Sanchez)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 20, 2008

Before:  SCIRICA, *Chief Judge*, RENDELL, *Circuit Judge*,
and O'CONNOR, *Retired Associate Justice*[*]

(Opinion Filed December 30, 2008 )

OPINION OF THE COURT

---

[*]The Honorable Sandra Day O'Connor, Retired Associate Justice of the Supreme
Court of the United States, sitting by designation.

SCIRICA, *Chief Judge*.

Defendant Demetrio Columna-Romero was sentenced to 41 months' imprisonment under 8 U.S.C. § 1326(a) and (b)(2). He appeals this sentence as unreasonable and contrary to his Fifth and Sixth Amendment rights. We disagree, and will affirm.

## I.

On July 9, 2007, Columna-Romero, a citizen of Mexico, pleaded guilty to a single count of reentry after deportation in violation of 8 U.S.C. § 1326(a).[1] There was no plea agreement. Based on Columna-Romero's offense level and criminal history category, the Presentence Investigation Report ("PSR") calculated an advisory Sentencing Guidelines range of 41–51 months. Neither party objected to the PSR. The District Court held a sentencing hearing on October 30, 2007. Prior to this hearing, Columna-Romero submitted a sentencing memorandum requesting a downward variance, based both on his personal circumstances and on the fact that he was arrested in a district that lacked a fast-track program for handling offenses such as his. Had this fast-track program been available, Columna-Romero asserted, he would have participated in it and received a lower sentence. This created a disparity in sentencing treatment that supported a variance

___

[1] At the plea hearing, Columna-Romero reserved the right to challenge the imposition of a sentence under 8 U.S.C. § 1326(b)(2), based upon a prior conviction of an aggravated felony. Columna-Romero had previously been convicted of attempted robbery in New York. The Presentence Investigation Report factored this prior conviction into its calculations. Columna-Romero's sentencing memorandum attested to the conviction, and his counsel acknowledged it at the sentencing hearing.

from the PSR's advised range. Columna-Romero reiterated these arguments at his sentencing hearing. Having heard from Columna-Romero and the Government, and having considered the PSR and the sentencing recommendations of the Probation Department and the Government, the District Court found that "all the evidence before [it] supports a reasonable sentence to be imposed within the guideline range." Accordingly, the court imposed a sentence of 41 months' imprisonment, 3 years' supervised release, and a $100 special assessment (which was waived). This timely appeal followed.[2]

## II.

Columna-Romero's first contention on appeal is that the District Court misunderstood the extent of its sentencing authority when it denied his request for a downward variance based on the absence of a fast-track program in the Eastern District of Pennsylvania. According to Columna-Romero, the court erred in two respects: by declining to find that, under 18 U.S.C. § 3553(a)(6), the absence of a fast-track program created an "unwarranted sentence disparit[y]" between himself and other "defendants with similar records who have been found guilty of similar conduct"; and by failing to account for the absence of this program in its analysis of the other § 3553(a) factors.

---

[2]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's sentencing decision for abuse of discretion, to ensure that the court committed no significant procedural error and that the sentence is substantively reasonable. *See United States v. Wise*, 515 F.3d 207, 217–18 (3d Cir. 2008).

These errors, Columna-Romero contends, demonstrate that the District Court treated the Sentencing Guidelines as mandatory rather than advisory in violation of *United States v. Booker*, 543 U.S. 220 (2005), thereby rendering his sentence procedurally unreasonable.

As the District Court recognized, this matter is governed by our decision in *United States v. Vargas*, 477 F.3d 94 (3d Cir. 2007), *cert. denied*, 128 S. Ct. 199 (2007). Vargas, like Columna-Romero, was sentenced under § 1326(a) and (b)(2). He contended the District Court should have considered the disparity between fast-track and non-fast-track districts in fashioning his sentence. We surveyed our sister circuits and held, as "the Second and Fourth through Eleventh Circuits" had, "that a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 99. We found that, since Congress had authorized the scheme for creating fast-track districts, *see* PROTECT Act, Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003), the sentence disparities that may result from the implementation of that scheme could not be "unwarranted" under § 3553(a)(6). *See Vargas*, 477 F.3d at 100. Furthermore, we noted that, to prove such an "unwarranted disparity," "the burden [is] on the defendant to demonstrate similarity by showing that other defendants' 'circumstances exactly paralleled' his." *Id.* (quoting *United States v. Charles*, 467 F.3d 828, 833 n.7 (3d Cir. 2006)). We found "[t]here has been no such showing here, and a court should not consider sentences imposed on defendants in other cases in the absence of such a showing by a party." *Id.* Additionally, we pointed out that

4

"[a] court should not create its own fast-track program or substitute its own sentencing guidelines for those of the Sentencing Commission," as "the establishment of fast-track programs is a matter left to Congress and the Attorney General, and the review of national sentencing practices and formulation of advisory sentencing guidelines is a matter left to the Sentencing Commission." *Id.* Lastly, we concluded that "even if we were to find that Vargas had shown that fast-track programs created an unwarranted disparity with similarly situated defendants under § 3553(a)(6), . . . the District Court exercised its discretion by considering the relevant § 3553(a) factors. This exercise of discretion is further evidence that Vargas' sentence was reasonable, even in light of any disparity created by fast-track programs." *Id.*

The District Court relied on *Vargas* in rejecting Columna-Romero's fast-track contention. Under *Vargas*, it found, "the burden is upon the defendant to demonstrate similarity by showing the other defendants' circumstances were exactly parallel." Furthermore, "[a]s a trial judge, I should not create—or a trial court—cannot create its own fast-track program or substitute its own sentencing guidelines for those of the Sentencing Commission." And lastly, "[t]he Third Circuit has rejected the disparity between fast-track and non-fast-track sentencing, because Congress has expressly approved them . . . . Such a disparity, therefore, could not be considered unwarranted . . . ." The District Court then moved from § 3553(a)(6) to the rest of the § 3553(a) analysis, noting that it "ha[s] been asked to consider the same argument of the fast-track disparity

5

under the remaining . . . 3553(a) factors.  And I find the argument unpersuasive for the reasons previously stated and the reasons that I will explain now."  The court then reviewed Columna-Romero's personal history and circumstances in light of those factors, concluding that "a sentence within the guidelines is sufficient but not greater than necessary to accomplish the penal goals of punishment."

We see no procedural error in this determination.  The District Court explicitly acknowledged "the United States Sentencing Guidelines are no longer mandatory, but are advisory pursuant to [*Booker*]."  It found no unwarranted disparity under § 3553(a)(6), and then considered the remaining § 3553(a) factors in light of all of the relevant evidence and arguments before it, including Columna-Romero's fast-track argument.  It recognized its authority to impose a sentence below the advised range, but it determined a sentence within the Guidelines was reasonable and a downward variance was inappropriate.  Columna-Romero contends the District Court's statements at the sentencing hearing do not adequately demonstrate that it understood its authority to consider his fast-track argument in its § 3553(a) analysis.  We disagree.  We have recognized that "because district court judges render sentencing decisions orally and spontaneously from the bench after the presentation of numerous arguments, we do not expect them to deliver 'a perfect or complete statement of all of the surrounding law.'" *Vargas*, 477 F.3d at 101 (quoting *United States v. Cooper*, 437 F.3d 324, 330 n.8 (3d Cir. 2006)); *see also Rita v. United States*, 127 S. Ct. 2456, 2468 (2007) ("The sentencing

6

judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." (citation omitted)). Here, the District Court made sufficiently clear that it had considered Columna-Romero's fast-track argument with respect to all of the § 3553(a) factors, but had found the argument unpersuasive in light of the evidence before it. This was a proper exercise of discretion under *Booker*, and resulted in a procedurally reasonable determination of Columna-Romero's sentence.

According to Columna-Romero, however, the Supreme Court's recent decision in *Kimbrough v. United States*, 128 S. Ct. 558 (2007), calls into question whether fast-track programs cannot create "unwarranted disparities" because Congress has explicitly approved their creation and scheme of implementation. We recognize that *Kimbrough* has prompted reconsideration of the role fast-track programs may play in a sentencing court's § 3553(a) analysis, and whether disparities resulting from the fast-track sentencing scheme may now be considered "unwarranted" under § 3553(a)(6). *Compare United States v. Rodríguez*, 527 F.3d 221, 229 (1st Cir. 2008), *with United States v. Gomez-Herrera*, 523 F.3d 554, 562–63 (5th Cir. 2008), *and United States v. Vega-Castillo*, 540 F.3d 1235, 1238–39 (11th Cir. 2008), *reh'g en banc denied*, 548 F.3d 980 (11th Cir. 2008). But we do not reach that issue here. As the District Court noted, in proving an

"unwarranted disparity" under § 3553(a)(6), Columna-Romero bore the burden of putting forth evidence of other defendants with parallel circumstances who have received lower sentences pursuant to a fast-track program. *See Vargas*, 477 F.3d at 100. The record does not reflect such evidence. Columna-Romero has made general assertions regarding the existence of fast-track programs in other districts and the availability of lower sentences through such programs. But he has not identified other defendants, with parallel circumstances and records, who were eligible for and received such lower sentences. Thus, as the District Court found, Columna-Romero has not carried his burden in showing an "unwarranted disparity" under § 3553(a)(6). *Kimbrough*, even if relevant to *Vargas*, would not alter this determination. As to the rest of the § 3553(a) analysis, the District Court considered Columna-Romero's fast-track argument, and *Kimbrough* would not require that the court find this argument any more persuasive than it already has. Accordingly, the District Court understood and exercised its discretion properly in this case, and did not commit procedural error in imposing Columna-Romero's sentence.

### III.

Columna-Romero also contends that, in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the District Court's consideration of his prior conviction in its sentencing decision under § 1326(b)(2) violated his Fifth and Sixth Amendment rights, as the prior conviction was neither charged in the indictment nor admitted at his guilty plea. As Columna-Romero acknowledges, and as we also found in *Vargas*, this challenge is

8

foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998); *United States v. Coleman*, 451 F.3d 154, 159–60 (3d Cir. 2006), *cert. denied*, 127 S. Ct. 991 (2007); and *United States v. Ordaz*, 398 F.3d 236, 241 (3d Cir. 2005). *See Vargas*, 477 F.3d at 104–05.[3]

## IV.

For the foregoing reasons, we find the sentence reasonable and will affirm the judgment of conviction and sentence.

---

[3]Columna-Romero concedes this authority controls, and only raises the challenge to preserve it in the event the Supreme Court were to reverse *Almendarez-Torres*.