

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2006

# USA v. Charles

Precedential or Non-Precedential: Precedential

Docket No. 05-5326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Charles" (2006). *2006 Decisions.* Paper 144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.  05-5326
_____


UNITED STATES OF AMERICA

v.

RANDOLPH CHARLES,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 04-CR-00181)
District Judge: Honorable Malcolm Muir

_____


Submitted Under Third Circuit LAR 34.1(a)
September 28, 2006

Before: McKEE and AMBRO, <u>Circuit Judges</u>
RESTANI,<sup>*</sup> <u>Chief Judge, Court of International Trade</u>


(Opinion filed November 9, 2006)


James V. Wade
   Federal Public Defender
Ronald Krauss
   Assistant Federal Public Defender-Appeals
Middle District of Pennsylvania
100 Chestnut Street, Suite 306
Harrisburg, PA  17101

      Counsel for Appellant

Thomas A. Marino
   United States Attorney
Theodore B. Smith, III
   Assistant United States Attorney
   Chief, Criminal Appeals
United States Attorney's Office
228 Walnut Street, Suite 220
Harrisburg, PA  17108

      Counsel for Appellee

---

*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

OPINION OF THE COURT

AMBRO, Circuit Judge

Randolph Charles appeals his sentence from a conviction in the United States District Court for the Middle District of Pennsylvania for possession of a prohibited object by an inmate. At issue is whether his sentence—a prison term of 46 months, which is at the highest end of the Federal Sentencing Guidelines range for the underlying offense—is reasonable in light of *United States v. Booker*, 543 U.S. 220 (2005). We review the sentence for reasonableness and, for the reasons set forth below, affirm it.

## I. Facts and Procedural History

At the time of the underlying incident for which Charles was convicted and sentenced, he was an inmate at the United States Penitentiary in Lewisburg, Pennsylvania. On November 20, 2003, he submitted to a compulsory strip search conducted by a correctional officer. During that search, the officer discovered that Charles possessed a six-inch piece of sharpened plastic (a plastic "knife"). On May 26, 2004, a grand jury returned a one-count indictment for possession of a prohibited object by an inmate in violation of 18 U.S.C. §§ 1791(a)(2),

(d)(1)(B) & (d)(2).[1]  Charles pled guilty to the charge at a plea hearing before the District Court on July 21, 2004.[2]

Under the then-mandatory United States Sentencing Guidelines, the District Judge determined that Charles was a career offender, which placed him in a Guidelines imprisonment range of 37 to 46 months, two to three years' supervised release, a fine of $4,000 to $40,000, and a mandatory special assessment of $100.  On September 1, 2004, the Judge waived all fines and sentenced Charles to 46 months' imprisonment, three years' supervised release, and the mandatory $100 special assessment.

Charles appealed to us, arguing, *inter alia*, that mandatory application of the Guidelines was unconstitutional. We affirmed the judgment of conviction but remanded for resentencing in accordance with *Booker*, which eliminated the

---

[1]The statute as referenced in the Judgment of the District Court from which Charles appeals reads "18 U.S.C. §§ 1791(a)(2), (d)(1)(B) & 2."  While the "& 2" reference is unclear, we take it to mean § 1791(d)(2) (defining "destructive device" according to its meaning at 18 U.S.C. § 921(a)(4)(B)–(C)).

[2]Charles initially entered a plea of not guilty.  However, he subsequently withdrew that plea, submitted a statement that he did not dispute the facts of the case as the Government presented them, and pled guilty.

mandatory aspect of the Guidelines. The District Court imposed the same sentence as before.

Charles is back before us on appeal. He asserts that the sentence is unreasonable because the District Court failed to articulate its consideration of the sentencing factors in 18 U.S.C. § 3553(a).[3] He requests that we vacate the sentencing judgment

---

[3]Those factors are:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for–
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

and remand for resentencing.[4]

## II. Standard of Review

After *Booker*, the Guidelines have only advisory force and appellate courts must review sentences for reasonableness according to the "relevant [Section 3553(a)] factors" that guide sentencing. 543 U.S. at 234; *cf. United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006); *Cooper*, 437 F.3d at 327–28. We have

---

(5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced[;]
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

[4]The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231 (granting jurisdiction for "offenses against the laws of the United States"). We have jurisdiction to review Charles's sentence for "reasonableness" under 18 U.S.C. § 3742(a)(1) (authorizing the appeal of sentences allegedly "imposed in violation of the law") and 28 U.S.C. § 1291 (authorizing the appeal of final district court decisions, including sentences). *See United States v. Cooper*, 437 F.3d 324, 327–28 & n. 4 (3d Cir. 2006).

interpreted *Booker* to require the following three steps:

> (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*.

> (2) In doing so, they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-*Booker* case law, which continues to have advisory force.

> (3) Finally, they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the sentence calculated under the Guidelines.

*United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (internal citations and quotations marks omitted);[5] *cf. King*, 454 F.3d at 194; *Cooper*, 437 F.3d at 330; *see also United States v. Jackson*, No. 05-4091, slip op. at 7–8 (3d Cir. Nov. 9, 2006).

---

[5]Note that, since it is incorporated into § 3553(a)(4), the Guidelines sentencing range became just one of several factors a district court must consider at step three of the sentencing analysis. *See Booker*, 543 U.S. at 234; *Gunter*, 462 F.3d at 247; *King*, 454 F.3d at 194; *Cooper*, 437 F.3d at 331.

## III. Discussion

Charles argues that his sentence is unreasonable for three reasons. First, he contends that the District Court failed to consider *all* of the § 3553(a) factors by not "fully and explicitly articulat[ing]" its reasons for imposing the sentence when it stated that it "carefully considered" those factors. App. Br. at 11–12, 13–14. Second, he asserts that the Court violated § 3553(a)'s "Parsimony Provision"—that sentences be "sufficient, but not greater than necessary," to meet the purposes of sentencing set out in § 3553(a)(2). App. Br. at 9, 14 (quoting *United States v. Brown*, 356 F. Supp. 2d 470, 479 (M.D. Pa. 2005)). Third, he argues that the Court impermissibly imposed a sentence that "failed to avoid unwarranted sentence disparities," in violation of § 3553(a)(6). App. Br. at 13.

Our recent post-*Booker* decisions dispose of Charles's arguments. We have held that, for us to assess reasonableness, the record must demonstrate that the District Court gave meaningful consideration to the "*relevant* [§ 3553(a)] factors." *Cooper*, 437 F.3d at 329 (emphasis added); *see also Gunter*, 462 F.3d at 247; *King*, 454 F.3d at 194. This demonstration does not "require district judges to routinely state by rote that they have read the *Booker* decision or that they know the sentencing guidelines are now advisory." *Cooper*, 437 F.3d at 329. Nor does it require courts "to state on the record that [they] ha[ve] explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *Id.* (quoting *United States v.*

8

*Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005)). Rather, courts "should observe the requirement to state adequate reasons for a sentence on the record so that [we] can engage in meaningful appellate review." *King*, 454 F.3d at 196–97; *see also Jackson*, *supra* at 17–19.

In this case, the District Court complied with steps one and three laid out in *Gunter* by demonstrating that it considered the Guidelines range, weighed the relevant § 3553(a) factors, and exercised discretion in imposing a sentence.[6] Pursuant to step one of the *Gunter* analysis, the Judge determined the applicable Sentencing Guidelines range for Charles's offense. The Judge found that Charles was a career offender because he had committed a number of offenses before being incarcerated—including possession of marijuana, criminal conspiracy, delivery and possession with intent to deliver cocaine, robbery, possession of crack cocaine, conspiracy to interfere with interstate commerce by robbery, and interstate transportation of stolen property; as well as a number of offenses since being incarcerated—including possession of a

---

[6]Here, there were no motions for or against sentencing departures. The District Court therefore had no occasion to apply step two of the sentencing analysis. *See Gunter*, 462 F.3d at 247 (requiring courts to "formally rul[e] on the motions of both parties" regarding departures) (quoting *King*, 454 F.3d at 196); *see also Jackson*, *supra* at 9 & n.2 (clarifying the step two requirements).

weapon, fighting, refusing to obey an order, being insolent to staff, interfering with taking count of inmates, refusing to follow directions, being in an unauthorized area, and assault. As a career offender under the Guidelines who had admitted culpability for his offense, Charles fit (as already noted) in a Guidelines imprisonment range of 36 to 47 months, a supervised release term of two to three years, and a fine of $4,000 to $40,000. *See* U.S.S.G. §§ 2P1.2(a)(2), 3E1.1(a), 4B1.1.

The Judge also held a resentencing hearing during which, in accord with step three of *Gunter*, he discussed the sentencing memoranda that he had requested each party to submit for his consideration. At sentencing, the Judge explained that

> [w]e have carefully considered all of the factors set forth in 18 U.S.C. § 3553(a), including Defendant's age, family, physical and emotional condition, educational and employment background, his prior criminal record, and the advisory guideline imprisonment range of 37 to 46 months.

Charles is correct in asserting that a district judge who merely states that he has "carefully considered" all § 3553(a) factors has not met his or her burden for demonstrating reasonableness in sentencing. *See Cooper*, 437 F.3d at 329 n.6 ("[W]e disagree with the decision of the Court of Appeals for the Eleventh Circuit[, which] held a district court's statement that it considered both the defendant's arguments and the § 3553(a)

10

factors at sentencing is by itself sufficient for *Booker* purposes.") (citations omitted); *see also Jackson*, *supra* at 19.

But the Judge in this case did more than that. In addition to calculating the Guidelines range as required by step one of the post-*Booker* sentencing process (and inferentially by subsection (4) of § 3553(a)), the Judge reviewed Charles's background and his personal circumstances, as required by § 3553(a)(1), when he noted that "[n]othing in Mr. Charles's personal history presents itself as a mitigating factor in this case." The Judge also noted, as outlined by § 3553(a)(2), that the seriousness of Charles's offense, his "propensity for violence," and "sustained criminal activities, both before and after being incarcerated," showed a "lack of respect for the law" that warranted a "severe sentence" because his offense "threatened the security of the entire institution, including staff and inmates."

We have previously held that where a career offender continues to violate the law even after conviction, the consequences may be severe. *See King*, 454 F.3d at 195 ("A lengthy prison sentence was clearly warranted in order to prevent and deter King from reoffending, as well as to provide adequate punishment for his conduct."). In *King*, we reviewed the reasonableness of a sentence for a career offender who had received almost twice the maximum Guidelines range. We nonetheless found the sentence to be reasonable because the defendant's record of continuing offenses was sufficiently extensive to support an upward departure from the advisory

11

Guidelines range.  *King*, 454 F.3d at 195.

In this case, we are concerned with whether the record supports a maximum Guidelines range sentence of 46 months. The similarities between Charles and King suggest that it does. Like King, Charles is a career offender whose actions warrant a sentence sufficient to prevent and deter him from committing the same crime in the future.  The Court reasoned as much. Furthermore, it acknowledged that the Guidelines are now "advisory."  In addition, after considering Charles's personal circumstances, the Court explicitly chose not to impose a fine. Taken together, the Court's reasons satisfy us that it considered the relevant § 3553(a) factors and exercised its discretion to apply them reasonably.

As for Charles's second assertion that the District Court violated the sufficient-but-not-greater-than-necessary "Parsimony Provision" of § 3553(a), his argument fails in light of our recent decisions.  To meet the requirements of the "Parsimony Provision," he contends, the District Court should have noted why a low-end Guidelines-range sentence (37 months) was insufficient to meet § 3553(a)(2)'s penological goals.  By demanding that the Court assume the burden of proving that his sentence is not unreasonable, Charles attempts to flip the reasonableness requirement on its head.  We have held that the *defendant* bears the burden of proving that the sentence was unreasonable.  *Cooper*, 437 F.3d at 332 & n.11 (quoting *United States v. Cunningham*, 429 F.3d 673, 679 (7th

12

Cir. 2005) ("[R]easonableness is a range, not a point. . . . If the judge could, without abusing his discretion, have ruled in the defendant's favor, the defendant is entitled to insist that the judge exercise discretion, though he cannot complain if the exercise goes against him.")).

Finally, Charles's third argument—that his sentence creates "unwarranted sentence disparities"—is unpersuasive as well. The "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), is just one factor (if relevant) that should be balanced against the others (again, if relevant). Charles concludes that his sentence will create unwarranted disparities based on three District Court cases from the Middle District of Pennsylvania where, pre-*Booker*, inmates received mid-range or below-range Guidelines sentences for possession of knife-like objects. App. Br. at 13.[7]

---

[7] Clearly not comparable to Charles is one of the three cases, where a one-time offender was sentenced to 12 months and one day. *See United States v. Hernandez-Hernandez*, No. 4:CR-04-003 (M.D. Pa. filed May 11, 2004). In the other two cases, career offenders received sentences of 41 months and 37 months, respectively. *See United States v. Khari Hill*, No. 4:CR-01-156 (M.D. Pa. filed Nov. 23, 2004); *United States v . Israel Flores-Martinez*, No. 4:CR-03-58 (M.D. Pa. filed July 1, 2003). The disparities here are minor, consisting of only five to nine months. We are in no position to determine—as a matter

As the Government correctly notes, Charles has not shown that any of the defendants in the District Court cases to which he cites are similarly situated to him for purposes of comparing career offenders with a history of institutional misconduct, *see* Gov't Br. at 21, and therefore relevant for a § 3553(a)(6) comparison. Even if he had, a mere similarity would not be enough to overcome the high level of deference we accord sentencing judges. *See, e.g.*, *Cooper*, 437 F.3d at 330. Moreover, we recently noted in *Gunter* that we will tolerate statutory sentencing disparities so long as a judge demonstrates that he or she viewed the Guidelines as advisory and reasonably exercised his or her discretion after applying the three-step sentencing process. *See Gunter*, 462 F.3d at 248–49. While any alleged disparities in this case are non-statutory, they resulted from the District Judge's reasonable exercise of discretion after considering the requisite three steps for calculating sentences as applied to Charles's particular circumstances.

\* \* \*

As the District Court adequately considered the relevant § 3553(a) factors in sentencing Charles, stated explicitly that the

---

of fact—whether Charles's circumstances exactly paralleled those of the defendants in these cases; we leave that determination to the sentencing judge. What we do know nonetheless is that these sentences on their surface do not appear to fall outside a range of reasonableness.

Guidelines were advisory, and demonstrated the exercise of discretion, it has reasonably applied the required sentencing analysis under our post-*Booker* standards outlined in *King*, *Cooper*, and *Gunter*.  We therefore affirm.