

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2007

# USA v. Murray

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1439

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Murray" (2007). *2007 Decisions.* Paper 1401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1439

———

UNITED STATES OF AMERICA

v.

RICARDO ALLEN MURRAY,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00455)
District Judge: Honorable Juan R. Sanchez

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2007

Before: FUENTES, VAN ANTWERPEN, and SILER,[*] Circuit Judges.

(Filed: March 30, 2007)

———

OPINION OF THE COURT

———

SILER, Circuit Judge.

———

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Defendant Ricardo Allen Murray appeals his 51-month sentence for reentry by an alien, in violation of 8 U.S.C. §§ 1326 (a), (b)(2).  He contends that the District Court effectively reinstated a pre-*Booker* departure requirement because it did not recognize the advisory nature of the United States Sentencing Guidelines.  He further argues that the sentence violated his Fifth and Sixth Amendment rights because the District Court improperly increased his sentence based upon a prior conviction that was neither charged in the indictment nor admitted to in his guilty plea.  We affirm.

## I.  Treatment of the Sentencing Guidelines

Murray argues that the District Court violated *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), by reading the Guidelines as  mandatory instead of giving them the appropriate advisory weight.  Specifically, Murray points to the District Court's statements that "[t]his is not an unusual case justifying a sentence below the guidelines" and that it did not "see anything unusual that merits any sentence outside of the guidelines."  As a result, in Murray's view, the District Court failed to appropriately consider his request for a below-Guidelines sentence based upon the grounds of family circumstances and fast-track disparity.

The District Court gave appropriate weight to the Guidelines, 18 U.S.C. § 3553 factors, and other relevant sentencing considerations.  It expressly stated that it "recognizes that the United States Sentencing Guidelines are no longer mandatory, but are advisory pursuant to the Supreme Court's holding in the United States versus Booker decision."  Additionally, the District Court properly followed our *Cooper* opinion,

2

although it imposed Murray's sentence pre-*Cooper*. The District Court first calculated the applicable sentencing Guidelines range based upon the presentence investigation report and then considered the § 3553 (a) factors. Murray's particular circumstances were weighed by the District Court in its sentence.

Further, while the District Court did consider Murray's fast-track argument, our recent decision in *United States v. Antonio Vargas*, 477 F.3d 94 ( 3d Cir. 2007), renders this argument without merit. In *Vargas*, we considered a defendant's argument that he faced an unwarranted sentencing disparity in violation of § 3553(a)(6) because he was subjected to a higher Guidelines range than defendants in fast-track districts. We found that any disparity created by the fast-track programs is warranted and therefore comports with § 3553(a)(6). Furthermore, as *Vargas* notes, our decision in *United States v. Charles*, 467 F.3d 828 (3d Cir. 2006), "placed the burden on the defendant to demonstrate similarity by showing that other defendants' 'circumstances exactly paralleled' his." *Vargas*, 477 F.3d at 100. The District Court in this case noted that Murray did not demonstrate this. *See* App. at 127 ("I do not find, however, that defendant is similarly situated to those in many of those border states.") We believe the District Court was correct that, absent this showing, Murray's fast-track disparity argument fails.

## II.  Prior Convictions

Murray contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), requires that prior convictions that enhance the statutory penalty should be charged in the indictment and either proven to a jury beyond a reasonable doubt or admitted as an element of the

3

offense. Because this did not occur, Murray argues that the government violated his Fifth and Sixth Amendment rights.

There is no dispute from Murray that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), controls the Fifth Amendment portion of the claim. While Murray does not concede that *Almendarez-Torres* controls his Sixth Amendment claim, our precedent holds that it does. In *United States v. Coleman*, 451 F.3d 154 (3d Cir. 2006), we held that the government's failure to prove prior convictions to a jury beyond a reasonable doubt did not violate a defendant's Sixth Amendment rights, and we followed *Almendarez-Torres* in reaching that decision. *Id*. at 159. Thus, Murray's claims fail.

**AFFIRMED.**