

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2008

# USA v. Jacobs

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jacobs" (2008). *2008 Decisions.* Paper 504.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/504

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3397

_____

UNITED STATES

v.

QUADRE JACOBS,

Appellant.

_____

Appeal from the Order of the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-cr-00313-9)
District Judge: Honorable J. Curtis Joyner

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 11, 2008

_____

Before: SLOVITER, FUENTES, and ALDISERT, Circuit Judges.

(Filed: September 23, 2008 )

_____

OPINION

_____

FUENTES, Circuit Judge:

Quadre Jacobs appeals from his 240-month post-Booker resentencing following

his conviction for gun and drug-related offenses. He argues that the District Court erred

by including relevant conduct for which the jury acquitted Jacobs to determine his offense level in the United States Sentencing Guidelines. Jacobs also argues that the District Court erred by not considering the sentencing factors enumerated in 18 U.S.C. § 3553(a) to reduce his sentence. For the reasons stated below, we will affirm.[1]

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Jacobs was indicted with thirteen other individuals in a drug conspiracy. He was charged with five counts, including conspiracy to distribute more than 50 grams of cocaine base. A jury convicted him of all charges except the conspiracy charge. At sentencing, the District Court increased Jacobs's offense level based on relevant conduct, which included Jacobs's involvement with the other defendants in the drug trafficking conspiracy pursuant to U.S.S.G. § 1B1.3(a)(1)(B), resulting in a sentence of 420 months' imprisonment. Jacobs appealed to this Court, which affirmed the sentence. Jacobs then petitioned for certiorari to the United States Supreme Court, which vacated the ruling of this Court in light of United States v. Booker, 543 U.S. 220 (2005). This Court remanded to the District Court for resentencing.

At resentencing, the District Court heard testimony from friends and family about Jacobs's positive qualities and his difficult childhood. The District Court again increased

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

Jacobs's offense level based on relevant conduct, but reduced his sentence to 240 months' imprisonment after considering the apparent disparity between Jacobs's sentence compared to those of similarly-placed defendants as provided under 18 U.S.C. § 3553(a), which permits the Court to tailor the sentence after considering various factors.

On appeal, Jacobs argues that the District Court erred by increasing the offense level based on relevant conduct of which Jacobs was acquitted. Jacobs also argues that the District Court's sentence was unreasonable because the Court failed to consider the sentencing factors enumerated in 18 U.S.C. § 3553(a).[2]

As an initial matter, we have previously stated that a sentencing court is free to consider "relevant conduct, including conduct resulting in acquittal, that was prove[n] by a preponderance of the evidence" to determine a defendant's sentence. U.S. v. Jimenez, 513 F.3d 62, 88 (3d Cir. 2008); see also U.S. v. Grier, 475 F.3d 556, 568 (3d Cir. 2007) (holding that, post-Booker, a court may apply a preponderance of the evidence standard to all facts relevant to determine a sentence under the Guidelines). After hearing lengthy argument from counsel on the issue, and discussing the significant amount of testimony from the trial that linked Jacobs to the drug conspiracy, the District Court noted that it "remained mindful of [Jacobs's] participation" in the drug trafficking activity with his

---

[2]　We review the District Court's determination of a sentence for reasonableness, which requires us to ensure that the district court gave "meaningful consideration" to the sentencing factors set out in § 3553(a). United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).

brothers and others charged in the conspiracy. App. at 89. Accordingly, the District Court did not err when it considered relevant conduct in calculating Jacobs's offense level.

Moreover, the record is clear that the District Court adequately considered the sentencing factors in 18 U.S.C. § 3553(a) and ultimately imposed a sentence below the advisory guideline range. United States v. Charles, 467 F.3d 828, 831 (3d Cir. 2006). The District Court expressly noted its obligation to evaluate the § 3353(a) factors, and discussed the apparent disparity between Jacobs's sentence and the sentences of similarly-placed defendants. The District Court also discussed the severity of the crime, including the number of lives adversely affected by the distribution of crack cocaine in the community in which Jacobs lived. In the end, the District Court resentenced Jacobs to 240 months, which was 180 months less than his original sentence and fifteen years below the guideline range.

Given the deference afforded to a trial court judge's application of the § 3553(a) factors, especially a judge who has imposed a sentence below the Guidelines range, this Court concludes that the District Court's sentence was a substantively reasonable balancing of the statutory factors. Cooper, 473 F.3d at 330-31.

For the foregoing reasons, we will affirm the District Court's judgment of sentence.