

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-15-2008

# USA v. Griggs

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4719

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Griggs" (2008). *2008 Decisions.* Paper 108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4719
_____

UNITED STATES OF AMERICA

v.

DOUGLAS GRIGGS,
                              Appellant

_____

Appeal from the
United States District Court for the
District of New Jersey
(D.C. Criminal No. 05-cr-00202)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit LAR 34.1(a)
November 21, 2008

_____

Before: BARRY and CHAGARES, <u>Circuit Judges</u>, and RESTANI[*], <u>Judge</u>

(Opinion Filed: December 15, 2008)

_____

OPINION

_____

RESTANI, <u>Judge</u>.

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

This is an appeal of a sentence imposed following a violation of supervised release. We will affirm the sentence.

On November 26, 2007, Douglas Griggs pled guilty to two violations of the conditions of his supervised release – leaving the judicial district without permission and failure to pay the fine imposed at sentencing for the original conviction for being a felon in possession of a firearm. After a period of two weeks to consider the record, the District Court sentenced him to a term of imprisonment of one year and one day and one year of supervised release, a sentence which exceeded the range specified in the United States Sentencing Guidelines by one day.[1]

We will not recite here all the facts concerning Mr. Griggs's original crime or the circumstances of the supervised release because they are well-known to the parties and were well-known to the sentencing court. Griggs does not challenge the Guidelines calculation. Rather, he claims the sentence was procedurally and substantively defective because the Court failed to consider the factors set forth in 18 U.S.C. § 3553(a). The claim is based upon the Court's failure to discuss the factors specifically and in detail. Failure to cite to each § 3553(a) factor, however, is not a ground for reversal. United States v. Charles, 467 F.3d 828, 831 (3d Cir. 2006). It is clear to us from the record, however, that the Court was aware of all of the facts which related to the sentencing factors that the Court considered, and that the Court arrived at a reasonable sentence,

---

[1] The defendant requested the extra day in order to qualify for good-time credit.

though not the non-custodial one defendant sought.  It is also clear from the record and the words used by the Court that weighing large in the formulation of the sentence was the purpose of sanctioning defendant for his breach of trust.  This is an appropriate consideration.  See United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006).

We perceive no substantive or procedural error in the sentence imposed.  The District Court's Judgment and Conviction Order will be affirmed.

_____