

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-30-2009

# USA v. Robin Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2332

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Robin Jones" (2009). *2009 Decisions.* Paper 1454.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1454

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2332

UNITED STATES OF AMERICA

v.

ROBIN JONES

Appellant

On Appeal of a Decision of the United States District Court
for the District of New Jersey (Crim. No. 07-cr-00862-1)
District Judge: Robert B. Kugler

Submitted under Third Circuit L.A.R. 34.1(a)
March 6, 2009

Before: SLOVITER and HARDIMAN, *Circuit Judges*,
and POLLAK, *District Judge*.*

(Filed:  April 30, 2009)

OPINION

---

* Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

POLLAK, *District Judge*

## I.

Robin Jones (aka "Sundiata Atiba") is a career criminal with numerous past convictions for violent crimes. Since the mid-1980s, when Jones was seventeen years old, he has been convicted of hindering apprehension, aggravated assault, escape, robbery, burglary, and defiant trespass, among other crimes.

On March 27, 2007, Jones robbed a branch of the Sun National Bank in Atlantic City, New Jersey. He handed a bank teller a note which read, "This is a hold up, give me all your $50's and $100's." After the teller gave Jones approximately $2,800, he fled the bank, leaving behind the demand note. Jones was soon arrested, and the stolen bank money was recovered.

On October 25, 2007, Jones pleaded guilty to a one-count information charging him with bank robbery, in violation of 18 U.S.C. § 2113(a). The District Court held a sentencing hearing on April 23, 2008, and imposed a term of 151 months imprisonment followed by three years of supervised release. The sentence imposed was at the bottom of Jones's undisputed Sentencing Guidelines range.

On April 30, 2008, Jones filed a timely notice of appeal. Jones challenges, as unreasonable under 18 U.S.C. § 3553(a), the District Court's determination that a within-guidelines sentence was appropriate, contending that he should have received a below-guidelines sentence instead. He argues that the sentence imposed by the District Court

violated 18 U.S.C. § 3553(a)(6), in that it created an unwarranted and significant disparity between his sentence and those of two other similarly-situated individuals sentenced by a different judge in the District of New Jersey. Jones has not challenged any other aspect of his sentence. We review the substantive reasonableness of a sentence under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

## II.

In the wake of *United States v. Booker*, 543 U.S. 220 (2005), federal district courts must address the Sentencing Guidelines as advisory and exercise broad discretion in imposing sentences. *United States v. Vampire Nation*, 451 F.3d 189, 196 (3d Cir. 2006). District courts in this circuit are directed to fulfill three requirements to ensure that a sentence is reasonable: first, to consider the defendant's advisory range under the guidelines; second, to consider all grounds properly advanced by the parties concerning the sentence, including requests for departures and variances; and third, to consider fully the broad range of factors included in 18 U.S.C. § 3553(a) as they apply to the particular defendant. *Id*. On appeal, after examining the procedural propriety of the sentencing, we review the totality of the circumstances to determine if the challenged sentence was substantively reasonable.

18 U.S.C. § 3553(a)(6) requires a sentencing court to "consider ... the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." The fact that one defendant "can find another case

3.

where a defendant charged with a somewhat similar crime and facing the same advisory sentencing range received a sentence outside of the applicable sentencing range does not make [the original defendant's] within-Guidelines sentence unreasonable." *United States v. Jimenez,* 513 F.3d 62, 91 (3d Cir. 2008)). "Reasonableness is a range." *Id.* Further, the "need to avoid unwarranted sentence disparities" is "just one factor (if relevant) that should be balanced against the others (again, if relevant)." *United States v. Charles*, 467 F.3d 828, 833 (3d Cir. 2006).

To that end, a defendant making a § 3553(a)(6) challenge to the reasonableness of his sentence bears the burden to establish that his "circumstances exactly paralleled those of the defendants" who received significantly lower sentences. *United States v. Vargas*, 477 F.3d 94, 100 (3d Cir. 2007) (citing *Charles*, 467 F.3d at 833 n.7). This court has recognized that "[t]he plain language of § 3553(a)(6) provides that it is applicable only where there is a 'need to avoid unwarranted sentencing disparities among defendants with *similar records* who have been found guilty of *similar conduct.*'" *United States v. Parker*, 462 F.3d 273, 277 n.4 (3d Cir. 2006) (emphasis in original) (quoting 18 U.S.C. § 3553(a)(6)). Therefore, a defendant challenging his sentence on Section 3553(a)(6) grounds must affirmatively show that other defendants who received lesser sentences are similarly situated. *Charles*, 467 F.3d at 833. "The party challenging the sentence bears the burden of proving its unreasonableness." *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007) (citing *United States v. King*, 454 F.3d 187, 194 (3d Cir. 2006)).

4.

Defense counsel argued to the District Court that a below-guidelines sentence was necessary to avoid unwarranted sentencing disparities in the District of New Jersey, citing two recent prosecutions involving career offenders who were sentenced for bank robberies by a different district judge. These defendants apparently faced very similar guidelines ranges, but received sentences that were many months below the bottom of the range. However, defense counsel at Jones's hearing did not provide the sentencing court with any information concerning why the judge in the other two cases chose to impose below-guidelines sentences.

In the sentencing proceeding for Jones, defense counsel stated the following regarding the two allegedly similar defendants who received below-guidelines sentences:

> I would also submit to the Court that as 3553(a) requires, to consider the need to [avoid] individual unwarranted sentencing disparities as I noted to the Court two other individuals who were career offender bank robbery defendants, in those cases both of those individuals were–had committed multiple bank robberies and were being sentenced in the case of Charles Bracciodieta to his ninth and tenth bank robberies; and in the case of Daniel Brown, he was sentenced to120 months to nine–for nine separate bank robberies, and prior to that Mr. Brown had seven prior bank robberies.
> Additionally I don't know if I noted in that . . . Mr. Brown's bank robberies involved vaulting the counter in each and every one of his nine bank robberies.

J.A. at 75-76.[1] In explaining the reasons underlying the sentence Jones received, the

---

[1] Jones's sentencing memorandum does not provide any further material details about the two defendants' records or personal histories, other than to state that one of them committed his ninth and tenth bank robberies shortly after his release from prison for his second series of bank robberies. J.A. at 44. Likewise, that defendant committed his second series of bank robberies shortly after his release from prison for his first series of bank robberies. *Id*. at 44-45.

judge found that defense counsel did not meet her burden to demonstrate that Jones was similarly situated to the two other defendants:

> Counsel makes a point of unwarranted sentence disparities among defendants with similar records. I simply do not know enough about those cases to comment on that. And I'm not terribly persuaded that there is sufficient similarity between Judge Irenas' cases and this case, that the sentence in the case should in any way reflect the sentences in those cases.

J.A. at 84-85.

The record demonstrates that the District Court conducted the sentencing correctly. In deciding to impose a within-guidelines sentence, the court considered the arguments of the parties, the guidelines, and the factors of § 3553(a), and arrived at a reasonable conclusion. The District Court considered defense counsel's argument that imposing a within-guidelines sentence would result in unwarranted sentencing disparities in the District of New Jersey. However, the court reasonably concluded that the defense did not meet its burden to demonstrate that Jones's circumstances "exactly paralleled," *Vargas*, 477 F.3d at 100, those of the other bank-robbery defendants.

Accordingly, we will affirm the judgment of the District Court.