**UNITED STATES of America**

v.

**Alberto CORTEZ PONCE, also known as Alberto Rodolfo Cortes–Ponce, Alberto Cortez Ponce, Appellant.**

No. 08–2118.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) April 20, 2009.

Filed July 27, 2009.

George S. Leone, Esq., Office of United States Attorney, Newark, NJ, Glenn J. Moramarco, Esq., Office of United States Attorney, Camden, NJ, for United States of America.

Thomas Young, Esq., Office of Federal Public Defender, Camden, NJ, for Appellant.

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges.

## OPINION OF THE COURT

SCIRICA, Chief Judge.

Defendant Alberto Cortez Ponce pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b)(2). He appeals his sentence of 41 months of imprisonment and 3 years of supervised release. We will affirm.

### I.

Cortez Ponce, a citizen of Mexico, pleaded guilty to a single count of reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2).[1] There was no plea agreement. Based on Cortez Ponce's offense level and criminal history category, the Presentence Investigation Report calculated an advisory Sentencing Guidelines range of 41–51 months. At the sentencing hearing, Cortez Ponce challenged the constitutionality of § 1326(b)(2)'s sentencing enhancement. He then requested a downward variance from the recommended guidelines range because he was arrested in a district that lacked a fast-track program for handling offenses such as his. Had this fast-track program been available, Cortez Ponce asserted, he would have participated in it and received a lower sentence. Lastly, he submitted that his personal circumstances and the nature of his crime supported a sentence below the recommended range. The court imposed a sentence of 41 months of imprisonment and 3 years of supervised release. The court also imposed certain special conditions on Cortez Ponce's term of supervised release, including one related to gang association and affiliation.[2] This timely appeal followed.[3]

1. At the plea hearing, Cortez Ponce reserved the right to challenge the imposition of a sentence under 8 U.S.C. § 1326(b)(2), which provides a sentencing enhancement based upon prior conviction of an aggravated felony. Cortez Ponce had previously been convicted of aggravated assault in New Jersey. The Presentence Investigation Report factored this prior conviction into its calculations, and the Government proffered evidence of the conviction to support the § 1326(b)(2) enhancement. In order to preserve his ability to challenge the constitutionality of this sentencing enhancement, however, Cortez Ponce refused to admit his prior criminal history.

2. Namely, the court determined that, as a special condition of his supervised release, [t]he defendant is to refrain from associating with or being in the company of any members of a street gang or members of any other street gang. The defendant shall be restricted from frequenting any location where the street gang members are known to congregate or meet, shall not wear, display, use or possess any insignia, emblem, logo, jewelry, cap, hat, bandana, shoelace or any article of clothing which has any gang significance or is evidence of affiliation with or membership in a street gang.

3. The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdic-

## II.

Cortez Ponce maintains the District Court erred in refusing to impose a sentence below the guidelines range, contending the court both misconstrued the scope of its authority to issue a downward variance based on an "unwarranted sentence disparit[y]" under 18 U.S.C. § 3553(a)(6) and failed to give meaningful consideration to all of the factors set forth in § 3553(a).

We review for abuse of discretion, to ensure the court committed no significant procedural error and the sentence is substantively reasonable. *See United States v. Tomko*, 562 F.3d 558, 567–68 (3d Cir. 2009) (en banc). Cortez Ponce bears the burden of demonstrating procedural or substantive unreasonableness. *See id.* at 567.

### A.

■ According to Cortez Ponce, the court abused its discretion by denying him a downward variance based on the absence of a fast-track program in the District of New Jersey. This absence, he asserts, created an "unwarranted sentence disparit[y]" between himself and other "defendants with similar records who have been found guilty of similar conduct" under 18 U.S.C. § 3553(a)(6).

The District Court rejected Cortez Ponce's fast-track argument on two grounds. First, the court found that our decision in *United States v. Vargas*, 477 F.3d 94 (3d Cir.2007), *cert. denied*, 552 U.S. 880, 128 S.Ct. 199, 169 L.Ed.2d 134 (2007), disposed of this argument. In *Vargas*, we held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." *Id.* at 99. We found that, since Congress had authorized the scheme for creating fast-track districts, *see* PROTECT Act, Pub.L. No. 108–21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003), the sentence disparities that may result from the implementation of that scheme could not be "unwarranted" under § 3553(a)(6). *See Vargas*, 477 F.3d at 99–100. According to Cortez Ponce, the Supreme Court's decision in *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), eviscerated *Vargas*'s reasoning. The District Court rejected this reading of *Kimbrough* and found *Vargas* remained good law. Furthermore, the court found that, even if it were to read *Kimbrough* as Cortez Ponce desired, it would still reject his request for a downward variance, as he had not demonstrated that the absence of a fast-track program resulted in an unwarranted disparity in his sentence. The court noted that, to participate in fast-track programs, defendants must meet certain requirements, such as entering into a plea agreement and waiving their right to appeal, none of which Cortez Ponce had satisfied. As such, the court found there was "nothing before [it] that says that [Cortez Ponce] has or would have qualified for the fast track program like the other defendant similarly situated because those factors simply aren't present here."

Cortez Ponce disputes both of these conclusions. As to the continuing validity of our reasoning in *Vargas*, we recognize that *Kimbrough* has prompted reconsideration of the role fast-track programs may play in a sentencing court's § 3553(a) analysis, and whether disparities resulting from the fast-track sentencing scheme may now be considered "unwarranted" under § 3553(a)(6). *Compare United States v. Rodríguez*, 527 F.3d 221, 227–29 (1st Cir. 2008), *with United States v. Gonzalez–Zotelo*, 556 F.3d 736, 740 (9th Cir.2009), *United States v. Gomez–Herrera*, 523 F.3d 554, 562–63 (5th Cir.2008), *and United States v.*

tion under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

*Vega–Castillo,* 540 F.3d 1235, 1238–39 (11th Cir.2008), *reh'g en banc denied,* 548 F.3d 980 (11th Cir.2008). But we need not reach that issue here, as we agree with the District Court that, regardless of the applicability of *Kimbrough,* Cortez Ponce has failed to demonstrate unwarranted disparity.

As we held in *Vargas,* to prove an "unwarranted sentence disparit[y]" under § 3553(a)(6), "the burden [is] on the defendant to demonstrate similarity by showing that other defendants' 'circumstances exactly paralleled' his." 477 F.3d at 100 (quoting *United States v. Charles,* 467 F.3d 828, 833 n. 7 (3d Cir.2006)). "[A] court should not consider sentences imposed on defendants in other cases in the absence of such a showing by a party." *Id.* Here, Cortez Ponce has made general assertions regarding the existence of fast-track programs in other districts and the availability of lower sentences through such programs. But he has not identified other defendants, with circumstances and records parallel to his, who were eligible for and received such lower sentences. Nor is there anything in the record to substantiate Cortez Ponce's assertion that, had a fast-track program been available, he would have participated in it. As the District Court noted, Cortez Ponce could have offered to enter into a plea agreement with the Government that would reflect the requirements and benefits of a fast-track program; Cortez Ponce, however, did not make clear his willingness to enter into such an arrangement until sentencing, when only its benefits were to be had. Accordingly, we agree with the District Court that Cortez Ponce has not carried his burden in showing an "unwarranted sentence disparit[y]" under § 3553(a)(6). *Kimbrough,* even if relevant to *Vargas,* would not alter this determination.

**B.**

■ Cortez Ponce also contends that the District Court abused its discretion by failing to give meaningful consideration to all of the § 3553(a) factors. "To be procedurally reasonable, a sentence must reflect a district court's meaningful consideration of the factors set forth at 18 U.S.C. § 3553(a)." *United States v. Lessner,* 498 F.3d 185, 203 (3d Cir.2007); *see also Tomko,* 562 F.3d at 568. "[A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party ... [and] make an individualized assessment based on the facts presented." *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007). The court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). The court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *United States v. Cooper,* 437 F.3d 324, 329 (3d Cir.2006).

According to Cortez Ponce, many of the § 3553(a) factors support a sentence below the 41 months of imprisonment imposed by the District Court—namely, his personal history and circumstances, the nature of his crime, and the disparity in treatment he will experience in the prison system as a result of his status as a deportable alien. Cortez Ponce asserts that the court neglected to take these considerations into account and based its sentence solely on concerns for deterrence. We disagree. After a full hearing, the court stated that it

"has examined the various factors under § 3553(a) ... and [it] find[s] that an examination of those factors calls for a sentence within the guideline range." The court did not "see any factor here that would warrant a variance from ... the advisory guideline range." It acknowledged Cortez Ponce's contention "that his history and characteristics should warrant a variance," but did not "find anything so compelling to warrant a variance below the advisory guideline range." The court discussed the personal circumstances identified by Cortez Ponce, and while it noted "those characteristics ... inure to [his] benefit," it also recognized "that the message must be sent that someone who illegally reenters this country, particularly after committing a crime such as the crime that [Cortez Ponce] did, will spend a significant time in jail." In light of these considerations, the court found "that a sentence within the advisory guideline range of 41 to 51 [months] is appropriate," and imposed a sentence at the bottom of that range. We see no error in this determination.

### III.

■ Cortez Ponce also challenges the special condition relating to gang association and affiliation imposed by the District Court on his term of supervised release, contending it is unsupported by the record, overly broad, and not reasonably related to the goals of sentencing. As Cortez Ponce did not object to this special condition before the District Court, we review it only for plain error. *See United States v. Voelker*, 489 F.3d 139, 143 n. 1 (3d Cir. 2007). We find no such error here.

Under 18 U.S.C. § 3583(d), special conditions of supervised release "must be 'reasonably related' to the factors set forth in 18 U.S.C. § 3553(a)" and "must impose 'no greater deprivation of liberty than is reasonably necessary' to deter future criminal conduct, protect the public, and rehabilitate the defendant." *Voelker*, 489 F.3d at

143, 144 (quoting 18 U.S.C. § 3583(d)). Accordingly, "[c]onditions of supervised release must be supported by some evidence that the condition imposed is tangibly related to the circumstances of the offense, the history of the defendant, the need for general deterrence, or similar concerns." *Id.* at 144. "Where a sentencing court fails to adequately explain its reasons for imposing a condition of supervised release or the condition's relationship to the applicable sentencing factors, we may nevertheless affirm the condition if we can 'ascertain any viable basis for the ... restriction in the record before the District Court ... on our own.'" *Id.* (alteration in original) (quoting *United States v. Warren*, 186 F.3d 358, 367 (3d Cir.1999)).

At the sentencing hearing, the District Court did not specify the reasons for imposing a special condition relating to gang association and affiliation on Cortez Ponce's term of supervised release. The Presentence Investigation Report, however, states that Cortez Ponce "responded positively" when "questioned as to whether he has any tattoos affiliated with street gangs," though he denied ever "be[ing] the member of any street gang" or "be[ing] a gang member 'outside' of any correctional institution." PSR ¶ 44 & n. 2. Thus, based on the record before the District Court at sentencing, Cortez Ponce had a history of at least some gang association or affiliation. We believe the District Court's special condition "tangibly relate[s] to ... th[is] history" and "impose[s] 'no greater deprivation of liberty than is reasonably necessary'" in light of it. *Voelker*, 489 F.3d at 144 (quoting 18 U.S.C. § 3583(d)(2)). As the evidence presented in the Presentence Investigation Report provides a viable basis in the record for the special condition in question, *see id.*, we see no error in the court's imposition of that condition.

## IV.

Lastly, Cortez Ponce contends that, in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), the District Court's consideration of his prior conviction in its sentencing decision under 8 U.S.C. § 1326(b)(2) was unconstitutional. As Cortez Ponce acknowledges, this challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Coleman,* 451 F.3d 154, 159–60 (3d Cir. 2006); and *United States v. Ordaz,* 398 F.3d 236, 241 (3d Cir.2005). *See Vargas,* 477 F.3d at 104–05.[4]

## V.

For the foregoing reasons, we will affirm the judgment of conviction and sentence.

4. Cortez Ponce concedes this authority controls, and only raises the challenge to preserve it in the event the Supreme Court were to reverse *Almendarez–Torres.* As *Almenda-* *rez–Torres* disposes of this challenge, we need not reach the Government's contention that Cortez Ponce has waived it through his entry of a guilty plea.