NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3302
_____

UNITED STATES OF AMERICA

v.

RONDALE NELSON, a/k/a MARVIN JAMES,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-10-cr-00163-001)
District Judge:  Honorable Alan N. Bloch
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2012

Before:  SCIRICA, AMBRO and FISHER, *Circuit Judges*.

(Filed: April 27, 2012 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Rondale Nelson ("Nelson") pled guilty to one count of unlawful possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1).  The District Court sentenced Nelson to 71

months' imprisonment.  Nelson filed a timely appeal, arguing that the District Court's

sentence was procedurally and substantively unreasonable. For the reasons set forth below, we will affirm the District Court's judgment of conviction and sentence.

## I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On August 17, 2010, a grand jury in the Western District of Pennsylvania indicted Nelson for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Nelson pled guilty to the sole count in the indictment. The Presentence Investigation Report ("PSR") computed Nelson's total offense level as 23 and placed him in criminal history category III. This yielded a Sentencing Guidelines range of 57 to 71 months of imprisonment. Neither party objected to the calculations in the PSR. The District Court sentenced Nelson to 71 months of imprisonment, which was the maximum under the Guidelines range. Nelson filed a timely notice of appeal.

## II.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the District Court's sentencing decision for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing the reasonableness of a sentence we conduct a two-pronged inquiry. First, we must determine whether the district court committed any significant

2

procedural error. *Id.* Second, if the sentence is procedurally sound, we evaluate the substantive reasonableness of the sentence. *Id.* On appeal, the demanding burden of demonstrating unreasonableness rests with Nelson. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009).

## III.

Nelson challenges the District Court's sentence of 71 months' imprisonment as unreasonable. He first submits that the District Court committed procedural error by failing to meaningfully consider the 18 U.S.C. § 3553(a) factors. Specifically, he argues that the District Court impermissibly elevated two of the sentencing factors – the nature of the offense and the defendant's prior criminal record – above all others, and that it failed to address Nelson's argument regarding potential mitigating factors. He also contends that the District Court erroneously relied on the Government's statement that Nelson discharged the firearm he was illegally possessing. We disagree.

It is established law that a court need not explicitly discuss each of the § 3553(a) factors. *United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006). "Rather, courts should observe the requirement to state adequate reasons for a sentence on the record so that we can engage in meaningful appellate review." *Id.* (internal marks and citation omitted). "A sentencing court need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) (citation omitted).

The record demonstrates that the District Court adequately considered all of the pertinent § 3553(a) factors. The Court found that the sentence was consistent with the nature and circumstances of Nelson's offense as well as his personal history and characteristics, emphasizing his "serious history of illegally possessing firearms." *See* 18 U.S.C. § 3553(a)(1). The sentence was also found to reflect not only the seriousness of Nelson's offense, based on his actual discharge of the firearm prior to arrest, but also his "educational, vocational, and corrective need" and "the need for just nondisparate punishment, deterrence, and protection of the public." *See* 18 U.S.C. § 3553(a)(2), (6). Additionally, by adopting the PSR, the Court took into consideration the sentences available and established under the Guidelines range.[1] *See* 18 U.S.C. § 3553(a)(3),(4); *Lessner*, 498 F.3d at 204. Although the discussion of the § 3553(a) factors in the present case was scant, it was still sufficient to show that the Court took meaningful consideration of the pertinent § 3553(a) factors. *See Lessner*, 498 F.3d at 204.

Accordingly, Nelson's argument that the District Court improperly elevated "some of the factors to the exclusion of others" fails because, as discussed above, the Court adequately considered all of the applicable factors. For the same reason, Nelson's contention that the District Court erred in failing to specifically discuss potential mitigating factors, like his receipt of a GED and his work tutoring other GED candidates,

---

[1] Factors under 18 U.S.C. § 3553(a)(5), (7) do not appear to be relevant in the present case. *See United States v. Cooper*, 437 F.3d 324, 329 (3d. Cir. 2006) ("[W]e must first be satisfied the court exercised its discretion by considering the relevant factors.").

is without merit.  *See United States v. Goff*, 501 F.3d 250, 256 n.10 (3d Cir. 2007) ("[Courts need not] explicitly rule on every argument that may be advanced, if other aspects of the sentencing decision make a ruling implicit.").  The District Court's reasoning sufficiently suggests that it found Nelson's "serious history of illegally possessing firearms" and the "substantial need for deterrence and protection of the public" more important than his rehabilitative efforts.  We also reject Nelson's argument that the District Court erroneously relied on the Government's information regarding his discharge of the firearm.  By failing to object to the PSR, Nelson admitted the factual allegation in the PSR that he fired two shots from the gun prior to his arrest.  *See United States v. Siegel*, 477 F.3d 87, 93-94 (3d Cir. 2007).

Having determined that the District Court committed no significant procedural error, we must next determine the substantive reasonableness of the sentence.  *Gall*, 552 U.S. at 51.  "As long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." *United States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008) (citation omitted).  Here, Nelson failed to meet his burden of showing that "no reasonable sentencing court would have imposed the same sentence" in light of his prior convictions, the life-threatening danger posed by his discharge of the firearm, and the substantial need to deter similar conduct and to protect the public.  *Tomko*, 562 F.3d at 568.  Thus, his sentence of 71 months' imprisonment within the Guidelines range was substantively reasonable.

5

**IV.**

For the reasons set forth above, we will affirm the District Court's judgment of conviction and sentence.