NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3356
_____

UNITED STATES OF AMERICA

v.

RICHARD CACERES,
Appellant

_____

On Appeal from the United States District Court,
District of New Jersey
(Crim. No. 1-11-cr-00798-001)
District Judge: Honorable Jerome Simandle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2103
_____

Before: SLOVITER, FUENTES, and ROTH, Circuit Judges.

(Opinion Filed: August 2, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

Appellant, Richard Caceres, alleges that the District Court for the District of New

Jersey substantively and procedurally erred when it sentenced him to a 151-month prison

term for distribution of and possession with the intent to distribute cocaine. For the reasons that follow, we will affirm the sentence imposed by the District Court.

## I.

Because we write primarily for the parties, we set forth only the facts and procedural history relevant to our disposition of this case.[1] At the time of his arrest for the present charge, Caceres was on parole and supervised release from two previous convictions for drug related offenses. Specifically, Caceres had been convicted of a 2001 cocaine distribution charge within 1,000 feet of a school and of 2005 charges of conspiracy to possess with intent to distribute more than 100 grams of heroin and possession of a firearm in furtherance of the offense. After serving time for both offenses, Caceres was deported to the Dominican Republic. However, in 2010, he unlawfully reentered the country and was arrested later that year for the crimes at issue in this appeal.

Caceres was charged in a one-count indictment with distributing and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). He pled guilty to the charge on March 30, 2012. Due to his prior criminal history, Caceres was classified as a career offender. With a resulting offense level of 29 and criminal history category of VI, Caceres's Guideline range was 151 to 188 months' imprisonment. Without the repeat offender categorization, the applicable guideline range

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over the District Court's Order of Judgment and conviction pursuant to 28 U.S.C. § 1291. We have jurisdiction to review Caceres's sentence for reasonableness. United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006).

would have been 57 to 71 months. At sentencing, Caceres moved to depart downward from the career offender range, pursuant to U.S.S.G. § 4A1.3(b), arguing that his criminal history was overstated. He also sought a downward departure based on his extraordinary responsibilities for his children in the United States and for his sick father in the Dominican Republic. The District Court denied his motion and, after considering the relevant factors under § 3553(a), sentenced him to the bottom of the advisory range—151 months in prison.

## II.

On appeal, Caceres contends that the District Court erred in denying his motion for a downward departure, failing to adequately address the 18 U.S.C. § 3553(a) factors, and improperly referencing his unlawful reentry into the country.

First, Caceres argues that the District Court should have granted his motion for a downward departure because his criminal history category overstated the seriousness of his crimes and his likelihood of recidivism, and because he had extraordinary family responsibilities. However, we are without jurisdiction to review a district court's discretionary decision to deny a motion to depart, so long as the district court's refusal to depart is not based on a "mistaken belief that it lacks discretion to do otherwise." United States v. Vargas, 477 F.3d 94, 103 (3d Cir. 2007). Caceres concedes that the District Court "recognized . . . [it] could depart downward," Appellant's Br. at 5, and, based on our review of the record, we agree. In addressing Caceres's arguments, the Court found that Caceres's criminal history was not overstated because he was a "recidivist" whose previous convictions were for "significant" crimes. App. BA64-65. It also found that his

3

family responsibilities were not extraordinary enough to warrant a departure because "if Mr. Caceres is in prison the children will still survive" and "whatever his father's needs may be, it's not Mr. Caceres who is depended upon to fulfill them." App. BA68. Because the District Court acknowledged that "a downward departure may be warranted" in some cases, App. BA63, but chose not to depart here based on the foregoing circumstances, we may not disturb its decision.

Next, Caceres contends that the District Court failed to adequately weigh the factors enumerated in 18 U.S.C. § 3553(a). Specifically, he argues that the District Court should have considered the disparity between his sentence and those of his co-defendants, which ranged from 37 to 80 months in prison. District courts must give "meaningful consideration to the § 3553(a) factors." United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). However, the court need not state or even address all of the § 3553(a) factors. United States v. Charles, 467 F.3d 828, 831 (3d Cir. 2006). We review a sentence to determine whether the District Court reasonably applied the § 3553(a) factors to the case. Cooper, 437 F.3d at 330.

Here, the Court extensively discussed numerous sentencing factors, including deterrence and the need for the sentence imposed to reflect the seriousness of the crime and promote respect for the law. Furthermore, contrary to Caceres's contentions, the District Court did in fact consider the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C § 3553(a)(6). After discussing the sentence imposed on one of Caceres's co-defendants, the Court explained, "even though the quantities for which the two were held

4

are not that different, the resulting sentences are because of [Caceres's] career offender status and the . . . incorrigibility of Mr. Caceres." App. BA42. It is clear from the record that the District Court gave meaningful consideration to the § 3553(a) factors and reasonably applied them to the facts of this case.

Finally, Caceres contends that the District Court improperly and repeatedly referenced his unlawful reentry in determining his sentence. We disagree. Reentry after deportation is a violation of the law, one which, along with Caceres's other crimes, could support an increased sentence, and is relevant to the history and character of the defendant. See 18 U.S.C. § 3553(a)(1). Caceres's argument that his sentence signals to other courts that greater sentences can be imposed on illegal immigrants is unavailing. The District Court was clear that it was focusing on his illegal activity rather than his immigration status in imposing a sentence. In fact, Caceres received a sentence at the bottom of the Guideline range. Caceres's arguments are thus exaggerated. It is evident that Caceres's sentence was "premised upon appropriate and judicious consideration of the relevant factors." United States v. Lessner, 498 F.3d 185, 204 (3d Cir. 2007).

**III.**

For the foregoing reasons, we will affirm the judgment of the District Court.