

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# USA v. Omar Reina

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2417

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Omar Reina" (2009). *2009 Decisions*. Paper 1329.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1329

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2417
_____

UNITED STATES OF AMERICA

v.

OMAR REINA, a/k/a Omar Reina Jaramillo, a/k/a Piasa,
a/k/a Gordo, a/k/a Fernando Diaz,

Omar Reina,
*Appellant*

_____

Appeal from the United States
District Court for the Eastern District of Pennsylvania
(No. 08-cr-00030)
District Court Judge: Honorable Stewart Dalzell

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 20, 2009

_____

Before: RENDELL and GARTH, *Circuit Judges*, and
VANASKIE, *District Judge**
(Opinion Filed: May 22, 2009)

_____

**OPINION**

_____

* The Honorable Thomas I. Vanaskie, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

_____

GARTH, *Circuit Judge*:

Omar Reina ("Reina") appeals the judgment of sentence entered by the District Court on May 9, 2008. Reina, a native of Colombia, was arrested on October 23, 2007, in Philadelphia for conspiracy to distribute, and possession with intent to distribute more than 100 grams of heroin. Reina had been deported on June 1, 2000, after serving a 60-month sentence for distributing cocaine and a concurrent 10-year sentence in New Jersey for possession of cocaine with intent to distribute.

Reina was indicted in the Eastern District of Pennsylvania for violation of 8 U.S.C. §§ 1326(a) and (b)(2) for illegal reentry into the United States after deportation.[1] Reina pleaded guilty on February 5, 2008.

Reina's base offense level was 8; the District Court imposed a 16-level increase (U.S.S.G. § 2L1.2(b)(1)(A)) because Reina "was deported . . . after a conviction for a . . . drug trafficking offense for which the sentence imposed exceeded 13 months." After a 3-point reduction for acceptance of responsibility (U.S.S.G. § 3E1.1), his offense level was 21. With a criminal history category of V, Reina's Guidelines range was 70-87 months.

Reina's counsel argued that the 16-level enhancement based on a prior aggravated

---

[1] On May 7, 2008, Reina was indicted for distribution of heroin in the United States District Court for the Eastern District of Pennsylvania; he pleaded guilty. He was sentenced on November 12, 2008, to 151 months' imprisonment to run concurrently with the sentence imposed in this case. Reina has appealed his drug-related sentence as well.

felony violated Reina's Sixth Amendment rights. The District Court rejected this argument based on settled Supreme Court and Third Circuit case law.

Defense counsel also argued that a sentence within the 70-87 month Guidelines range would create unwarranted sentencing disparities under 18 U.S.C. § 3553(a)(6) because the Eastern District of Pennsylvania lacked a "fast-track" sentencing program,[2] and thus Reina would be subject to a higher sentence than a defendant in a jurisdiction that had such a program. Defense counsel asked the court to grant a variance.

The District Court denied the request, finding that applicable case law counseled against such a variance, and that Reina would not have been eligible for such relief anyway. The District Court considered the Section 3553(a) factors and, on May 9, 2008, sentenced Reina to 70 months' imprisonment and 3 years of supervised.

## I.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of procedural errors in sentencing includes a court's improper calculation of the

---

[2] Fast-track programs "allow defendants who violate [8 U.S.C.] § 1326 to receive lower sentences in exchange for waiving certain rights, including indictment by grand jury." United States v. Vargas, 477 F.3d 94, 98 n.8 (3d Cir. 2007) (citing United States v. Mejia, 461 F.3d 158, 160 (2d Cir. 2006)). In 2003 Congress codified its approval of these programs in Pub. L. No. 108-21, § 401(m)(2)(B), 117 Stat. 650, 675 (2003), and the United States Sentencing Commission accordingly adopted U.S.S.G. § 5K3.1, "which provides that, '[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides.'" Mejia, 461 F.3d at 161.

Guidelines, "treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008). We review the District Court's sentence for an abuse of discretion, giving alleged factual errors a "clearly erroneous" review but reviewing "purely legal" errors, such as misinterpretations of the Guidelines, de novo. Id.

## II.

Reina argues that jurisdictions which host "fast-track" programs often give illegal re-entry defendants much shorter sentences, whereas defendants like Reina in non-fast-track jurisdictions are disadvantaged because they are automatically subject to a higher offense level. Reina argues that these differences in sentences across geographic boundaries are "unwarranted sentence disparities" under 18 U.S.C. § 3553(a)(6).

Reina focuses his argument on the interplay of two cases: our decision in United States v. Vargas, 477 F.3d 94 (3d Cir. 2007), and the Supreme Court's decision in Kimbrough v. United States, 128 S. Ct. 558 (2007). Reina challenges the District Court's legal conclusion that Vargas applied in this case on the ground that Kimbrough overrules Vargas.

In Vargas, a case factually similar to this case, we held that "the disparity between sentences in fast-track and non-fast-track districts is authorized by Congress and, hence, warranted"; thus we found Vargas's sentence was reasonable. Vargas, 477 F.3d at 98.

We cited cases from a number of our sister Courts of Appeals, all of which reached the same conclusion. Id. at 98-99. We joined our sister Circuits and held that "a district court's refusal to adjust a sentence to compensate for the absence of a fast-track program does not make a sentence unreasonable." Id. at 99. We held that "the establishment of fast-track programs is a matter left to Congress and the Attorney General" and that when Congress authorizes a sentencing disparity, that disparity cannot serve as a ground for variance from the Guidelines. Id. at 100.

Kimbrough, however, dealt with crack/cocaine sentencing disparities. The District Court there held that the defendant's lengthy sentence range reflected disproportionate punishment for crack offenders. On appeal, the Fourth Circuit vacated the below-Guidelines sentence because the District Court had held, in its discretion, that Kimbrough should serve less time than the Guidelines prescribed.

The Supreme Court then held that while courts can not ignore statutory maximums and minimums, "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough,128 S. Ct. at 575.[3]

---

[3] Kimbrough was recently clarified by Spears v. United States, 129 S. Ct. 840, 843 (2009), which held that District Courts may vary from the crack cocaine Guidelines based on policy disagreements, "and not simply based on an individualized determination that they yield an excessive sentence in a particular case."

Reina argues that <u>Kimbrough</u> overrules <u>Vargas</u> by analogy and allows a District Court to vary its sentence on the basis of unwarranted disparity caused by congressionally approved policies such as fast-track sentencing. We cannot agree.

We held in <u>Vargas</u> that the defendant has the burden of showing that his circumstances "exactly paralleled" those of specific defendants in fast-track jurisdictions; Vargas had failed to do so because he only made general allegations about potential disparities, and therefore the District Court could not consider such a comparison. <u>Vargas</u>, 477 F.3d at 100 (quoting <u>United States v. Charles</u>, 467 F.3d 828, 833 n.7 (3d Cir. 2006)).

Reina's situation is no different. There is no evidence in the record to show, with the specificity required by <u>Vargas</u> and <u>Charles</u>, that Reina was actually treated differently from similarly situated defendants in fast-track jurisdictions. <u>Vargas</u>, 477 F.3d at 100. Reina sets forth only sweeping general arguments that he was treated differently than if he had had access to a fast-track program, and therefore has not satisfied his burden of proof.[4]

III.

_____

[4] Reina also challenges the District Court's conclusion that, had Reina been sentenced in a fast-track jurisdiction, he would not have been eligible for relief anyway. It is not clear from the record whether Reina would have been eligible for fast-track sentencing based upon his timely guilty plea because fast-track sentencing requirements vary by jurisdiction. Regardless, this issue does not affect the result in this case, and we accordingly decline to address it any further.

Reina argues that the District Court violated his Fifth and his Sixth Amendment rights by increasing his maximum sentence based on a prior conviction not charged in the indictment or proved to a jury beyond a reasonable doubt. Reina notes that 8 U.S.C. § 1326(a) carries a two-year maximum sentence, but he was sentenced under Section 1326(b)(2), which increases the maximum sentence to 20 years when a defendant was previously removed for conviction of an "aggravated felony." Reina argues that the indictment in his case never mentioned a prior conviction for an aggravated felony, and thus his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000).

However, Reina concedes that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998) (holding that 8 U.S.C. § 1326(b)(2) sets forth a sentencing factor for the subsection (a) offense; the fact of an alien's prior conviction is not an element of the crime and thus does not have to be charged in the indictment to be a factor in sentencing), and our opinions in United States v. Coleman, 451 F.3d 154 (3d Cir. 2006) (holding that Almendarez-Torres is still good law) and United States v. Ordaz, 398 F.3d 236 (3d Cir. 2005) (applying Almendarez-Torres to Sixth Amendment claims).

IV.

The District Court did not abuse its discretion in sentencing Reina, and we will affirm its judgment of sentence.