NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 09-1191

———

UNITED STATES OF AMERICA

v.

NOLVERTO MURILLO-PALOS,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-08-cr-00095-001)
District Judge: Honorable Faith S. Hochberg

———

Submitted Under Third Circuit LAR 34.1(a)
June 29, 2010

Before: SLOVITER, BARRY and HARDIMAN, Circuit Judges

(Filed: June 30, 2010)

———

OPINION

———

SLOVITER, *Circuit Judge*.

Appellant Nolverto Murillo-Palos challenges the sentence he received for his admitted role in a conspiracy to distribute cocaine.

**I.**

By pre-arrangement with "Pepito," also called "El Ingeniero," Murillo-Palos met Alejandro Perez at a truck stop in Bordentown, New Jersey in April 2007. Perez delivered to him twenty-five kilograms of cocaine that Perez had transported from California. Several days later, Murillo-Palos gave Perez approximately $200,000 to be transported back to California. Although the Presentence Investigation Report ("PSR") created by the Probation Office is unclear about what Murillo-Palos did with the drugs after he received them, Murillo-Palos admitted that he received $2,500 for his part in that transaction.

The following month, in May 2007, Murillo-Palos returned to the same truck stop and was prepared to receive two black bags, one from Perez and one from another man, that contained a total of forty-five kilograms of cocaine when Drug Enforcement Administration agents arrested them. Murillo-Palos later admitted that he expected to be paid $4,500 for his role in that exchange.

Subsequently, Murillo-Palos pled guilty to a one count information for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Murillo-Palos admitted

2

during his plea that he participated in a conspiracy with intent to distribute cocaine. He also admitted that he received approximately twenty-five kilograms of cocaine at the April transaction, and was in the process of receiving approximately forty-five kilograms of cocaine in May when he was arrested.

The plea agreement recognized that Murillo-Palos would argue that he qualified for a two-point minor role reduction pursuant to U.S.S.G. § 3B1.2(b) and that he qualified for the safety valve in 18 U.S.C. § 3553(f)(1)-(5). Murillo-Palos also stipulated that a Guidelines range resulting from a grant or denial of both the safety valve and the minor role reduction (base offense levels of either twenty-six or thirty-three) would be reasonable, and that he would not argue for any further downward departure or variance.

The District Court granted Murillo-Palos safety valve relief, but did not grant him a minor role reduction. Ultimately, the Court gave Murillo-Palos a within-Guidelines sentence of 112 months imprisonment. Murillo-Palos now appeals raising two issues. He argues that the District Court erred by not granting the minor role reduction and by failing to recognize its authority to deviate below the Guidelines range and/or to explain why it chose not to do so. His arguments are unpersuasive.

A defendant is eligible for the two point minor role reduction when he meets his burden to show that his "part in committing the offense . . . makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2(b) cmt. 3(A) (2008). The sentencing court is afforded broad discretion in applying this provision. *See United States*

3

*v. Isaza-Zapata*, 148 F.3d 236, 238 (3d Cir. 1998). Factors to be considered include "the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *United States v. Headley*, 923 F.2d 1079, 1084 (3d Cir. 1991) (quotation marks and citation omitted).

Murillo-Palos argues that he was a mere drug courier who "exerted no control or influence over others and had no control over the price and quantities of drugs." Appellant's Br. at 20. "[E]ven if the appellant were accurate in classifying himself as a courier, that classification is not a talisman that automatically opens a pathway to a minor role adjustment" under § 3B1.2(b). *United States v. Quinones-Medina,* 553 F.3d 19, 23 (1st Cir. 2009). Murillo-Palos participated in two transactions that involved large amounts of drugs in which he was entrusted with at least $200,000 in cash and approximately $1.4 million worth of cocaine. He also had numerous telephone conversations with the apparent owner of the drugs and organizer of their transport which – although spoken in a code that Murillo-Palos himself helped devise – can be read to imply that Murillo-Palos had a larger role in the drug transactions than that of a mere courier. Given these facts, the District Court's determination that Murillo-Palos did not deserve a reduction as a minor participant was not clear error. *See United States v. Carr*, 25 F.3d 1194, 1207 (3d Cir. 1994) (where "defendant takes issue with [a] district court's denial of a reduction for being a minimal or minor participant which was based primarily on factual determinations, we review only for clear error" (citations omitted)).

Murillo-Palos also argues that the District Court "never adequately addressed whether, exercising its own authority, it would vary its sentence below the advisory guideline range," and thus "remand is . . . necessary so that the Court can apply the [§] 3553(a) sentencing factors and explain whether a variance below the advisory guidelines range was warranted and if not then why." Appellant's Br. at 27. However, district courts are not always required to "state by rote that they . . . know the sentencing guidelines are now advisory" or that they have "explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006) (citations omitted). Here, the District Court's short explanation of why the sentence was reasonable was not an abuse of discretion when Murillo-Palos made no argument that a variance was warranted and had in fact stipulated that sentences in a higher Guidelines range than the one that was ultimately applied to him would be reasonable. *See United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

## II.

For the reasons stated above, this court will affirm the sentence.