NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 11-3294
_____

UNITED STATES OF AMERICA

v.

BALIR AKEEM STARKEY,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of  Pennsylvania
District Court No. 3-09-cr-00391-001
District Judge: The Honorable James M. Munley


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 18, 2012

Before: SMITH, and FISHER, *Circuit Judges*
and STEARNS, *District Judge*[*]

(Filed: May 24, 2012)

_____

[*] The Honorable Richard G. Stearns, United States District Judge for the United
States District Court of Massachusetts, sitting by designation.

## OPINION

STEARNS, *District Judge.*

On December 13, 2007, Balir Akeem Starkey, together with his cousin and two other men, robbed Murphy's Jewelers in Pottsville, Pennsylvania. Starkey provided his companions with black t-shirts (used as masks) and gloves. During the robbery, Starkey threatened Murphy's employees with a pistol. Starkey's cousin assaulted the store manager. The four men gathered up approximately $26,000 worth of diamond rings and fled in a rented getaway car.

Starkey was identified by FBI agents who recovered his fingerprints and traces of his DNA from the abandoned getaway car. Confronted by the agents, he confessed to the robbery. After negotiating a plea agreement with the government, Starkey pled guilty to a violation of the Hobbs Act, 18 U.S.C. § 1951. He also agreed to cooperate with the government. His assistance led to the indictment and conviction of his cousin.

At the August 9, 2011 sentencing hearing, citing Starkey's substantial assistance, the government moved for a downward departure to a sentence of 66 months. The advisory Sentencing Guidelines Range (SGR) was pegged at 84 to

105 months.[1]  Starkey's counsel joined the government's motion.  The District Court refused to depart and sentenced Starkey to the minimum SGR term of 84 months.  Starkey timely appealed his sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a district court's sentencing decision for reasonableness under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In assessing the reasonableness of a sentence, we must

> first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviations from the Guidelines range.

*Id.*  If "the district court's sentencing decision is procedurally sound, [we] . . . then consider the substantive reasonableness of the sentence imposed . . . ." *Id.*  The party challenging a sentence has the burden of demonstrating unreasonableness.  *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc).

Starkey attacks his sentence as procedurally flawed, arguing that the District Court did not adequately explain its reasoning in denying the jointly requested downward variance.[2]  Because, according to Starkey, the record does not reveal an

---

[1]  Starkey did not object to the Probation Office's calculation of the applicable SGR.

[2]  Starkey does not challenge the substantive reasonableness of his sentence.

explicit reason for Judge Munley's refusal to depart, it does not reflect whether he gave "meaningful consideration" to the factor of substantial assistance. *See United States v. Charles*, 467 F.3d 828, 831 (3d Cir. 2006) (citing *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).

We read the record differently. At the outset of the hearing, Judge Munley invited the parties to address the issue of a substantial assistance departure. After hearing the government prosecutor's 66-month recommendation, the more fulsome endorsement of a variance by Starkey's counsel, and an apology from Starkey, Judge Munley stated that in determining an appropriate sentence he had given consideration to "the presentence investigation report, which I have studied – Mr. Starkey has written me a letter and – which he's outlined his – his feeling with regard to the matter and his remorse – and the statements by [Starkey's counsel] Mr. Young here this morning and Mr. Zubrod, [the] United States Attorney." App. 78. He further said that he intended to impose a sentence that would reflect "full consideration of all of the [§ 3553(a)] factors including the nature and seriousness of the offense, history and characteristics of the defendant, the kinds of sentences that are available, advisory sentencing ranges and policies prescribed by the sentencing commission." *Id.* at 79.

Turning first to the "nature and seriousness of the offense," Judge Munley noted that Starkey had "brandish[ed] a firearm during the robbery while the two

others stole the merchandise" and that "[t]he owner of business was struck in the head and bound with duct tape." *Id.* Next addressing "the nature and characteristics of the defendant," Judge Munley described Starkey's personal and family background, remarking that he "has served a considerable amount of time of imprisonment since the age of 17." *Id.* at 79-80.

> [His] criminal record consists of two aggravated felonies and three summaries and including . . . [a conviction] of robbery at the age of 17 in 2003 and was sentenced as an adult to three and a half years to . . . seven years. While on parole on this offense, he committed the instant federal offense. . . . In 2008, that is subsequent to the time of this offense, he was convicted of distribution of cocaine and possession of a firearm.

*Id.* at 80.

Judge Munley then took up the issue of a variance. After expressing his respect for the prosecutor and defense attorney, he nonetheless denied the joint motion. He explained:

> He – Mr. Starkey – he committed this robbery in December of 2007. Three or four months later in March of 2008, he was arrested for delivery . . . of cocaine and possession of a weapon. So for his young years, 25[,] he's – he spent a considerable amount of time incarcerated for serious felony convictions. This fellow, Mr. Starkey, has a violent streak in him. When we look at his prior record, the – that prior robbery, . . . the report indicates that there was people involved in it. There was a gun brandished and a knife involved, and someone placed a knife at someone's throat. And . . . the [] disorderly conducts again have – somebody get punched in the face and so on.
>
> And . . . it's interesting to point out with that – into 2008, possession with intent to deliver and the firearms not to be carried without a license and resisting arrest charges, which – that incident police were

5

on routine patrol and they approached the defendant as he – for some reason, he fled on foot. And subsequently, there was some plastic baggies containing cocaine retrieved and also – and also a loaded 25 caliber Phoenix arm pistol was obtained in that incident . . . . I'm very happy with the letter that I received from Mr. Starkey. In that letter he talks about his family, his – his gaining a new perspective and outlook on his life and how he failed to take – take time to think about the long term mental or emotional damage that he could have cause people involved in these incidents. One of the other incidents in this particular case was . . . Mr. Murphy at the jewelry store was bound up and . . . was struck in the head with what he believed was a pistol.

*Id.* at 80-82.

Judge Munley concluded with the observation that Starkey's prior crimes "are very serious offenses, and I would be giving him more time if it were not that he's presently serving the sentence" in Delaware County and "he's going to serve this [sentence] consecutively . . . ." *Id.* at 82. He then sentenced Starkey to a term of 84 months, at the lowest end of the SGR.

We have previously stated that the District Court need not "discuss and make findings as to each of the [relevant sentencing factors] if the record makes clear the court took the factors into account in sentencing." *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008) (quoting *Cooper*, 437 F.3d at 329). The record demonstrates that the District Court heard and acknowledged the parties' request for a downward departure, and denied it. Although Judge Munley did not explicitly say, "I am denying a downward variance because of X," it is clear from his remarks that the denial was based on the "violent streak" reflected by the nature

6

of the instant offense and Starkey's prior criminal history. This is as much explanation, if not more, than our cases require.

Our review of the record establishes that the District Court "exercise[d] independent judgment [] based on a weighing of the relevant factors [] in arriving at [the] final sentence." *United States v. Grier*, 475 F.3d 556, 571-572 (3d Cir. 2007) (en banc). Because there was no abuse of discretion, we will affirm the sentence.