**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3194
_____


UNITED STATES OF AMERICA

v.

ANTHONY JONES,
                                        Appellant


On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 3-13-cr-00367-001)
District Judge:  Honorable Michael A. Shipp

Submitted Pursuant to Third Circuit LAR 34.1(a)
on April 21, 2015

Before:  FISHER, CHAGARES, and COWEN, Circuit Judges.

(Filed: May 4, 2015)
_____

OPINION*
_____

CHAGARES, Circuit Judge.

        Appellant Anthony Jones was convicted and sentenced to 151 months of

imprisonment for conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1)

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and 841(b)(1)(C).  Jones now challenges the procedural and substantive reasonableness of that sentence.  For the following reasons, we will affirm.

I.

Because we write solely for the benefit of the parties, we will only briefly summarize the facts relevant to our decision.  On September 13, 2012, law enforcement officers were surveilling narcotics distributor Johnnie Edwards in Jersey City, New Jersey.  (Presentence Investigation Report ("PSR") 4.)  The officers observed Edwards entering a vehicle with a bag they had reason to believe contained narcotics.  (PSR 4.)  When Edwards exited the vehicle without the bag, the officers approached.  (PSR 4.)  The driver, Jones, quickly accelerated and threw the bag — which in fact held 35.4 grams of heroin — out of the window, but the officers arrested him a few blocks away.  (PSR 4.)  Jones later pled guilty to knowingly and intentionally possessing with the intent to distribute thirty-nine bricks of heroin.  Appendix ("App.") 16-17.

The base offense level for a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) involving 35.4 grams of heroin is 18.  U.S.S.G. §2D1.1(c)(11).  However, because Jones had several previous convictions for drug possession and distribution, he qualified for a career-offender enhancement, raising his offense level to 32.  (PSR 6.)  With reductions for acceptance of responsibility, the District Court calculated Jones's total offense level as 29, giving an advisory Guidelines range of 151 to 188 months of imprisonment.  App. 32.  Jones argued that the career-offender enhancement ought not to apply to him, that it ought not to be applied generally because it disproportionately affects black people, and that in any case a downward variance was justified based on his peripheral role in the

2

drug enterprise the police were investigating. The District Court acknowledged Jones's policy arguments but determined that the facts of the case did not warrant a departure from the Guidelines. App. 31. The District Court imposed a sentence of 151 months of imprisonment. Jones timely appealed.

## II.[1]

Our review of the District Court's sentencing proceeds in two stages: first, we ensure that no procedural errors occurred, and second, we examine the substantive reasonableness of the sentence. United States v. Tomko, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). "We review both the procedural and the substantive reasonableness of a district court's sentence for abuse of discretion." United States v. Handerhan, 739 F.3d 114, 119 (3d Cir. 2014) (citing Gall v. United States, 552 U.S. 38, 51 (2007); Tomko, 562 F.3d at 567)). "[I]f the asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous." United States v. Wise, 515 F.3d 207, 217 (3d Cir. 2008). A finding is not "clearly erroneous" unless there is only one permissible view of the evidence. Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.").

## III.

---

[1] The District Court had subject-matter jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 18 U.S.C. § 3742(a).

3

Jones argues the District Court's sentence was procedurally and substantively unreasonable because the District Court failed to consider the disproportionate impact of the career-offender enhancement on black defendants, the disproportionate harshness of a Guidelines sentence given the small amount of heroin found in Jones's bag, the disparity between Jones's sentence and Johnnie Edwards's, and the difficulty of Jones's upbringing.

"The touchstone of reasonableness is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc) (citation omitted). Under 18 U.S.C. § 3553(a), sentencing courts are to consider, among other things, the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, and the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. "The court need not discuss every argument made by a litigant if an argument is clearly without merit." United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006), abrogated on other grounds by Rita v. United States, 551 U.S. 338 (2007). "Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." Id.

The first of Jones's arguments is plainly contradicted by the sentencing transcript. The District Court acknowledged the career-offender enhancement may result in racially "disparate ultimate outcomes[,]" but determined that the particular facts of the case did "not support any kind of deviation or any kind of departure." App. 31.

4

Nor was Jones entitled to a departure based on the small quantity of heroin attributed to him. Only in relative terms is 35.4 grams small. Each of the 39 bricks Jones possessed and intended to distribute contained 15 envelopes of heroin. The weight was more than enough to violate 21 U.S.C. § 841(b)(1)(C) and, in any case, the District Court made clear that its Guidelines sentence was based not just on this incident but on Jones's recidivist history.

Jones's next argument, that his sentence was disproportionately harsh in light of the sentence given to the actual target of the police's drug investigation, did not merit explicit discussion from the District Court. In order for us to conclude that the District Court erred in not considering the need to avoid unwarranted sentencing disparities, Jones would need to show that he was similarly situated to Edwards. See United States v. Robinson, 603 F.3d 230, 234-35 (3d Cir. 2010). He has not done so. And "[e]ven if he had, a mere similarity would not be enough to overcome the high level of deference we accord sentencing judges." United States v. Charles, 467 F.3d 828, 833 (3d Cir. 2006).

Finally, the record demonstrates that the District Court received and reviewed the Presentence Investigation Report as well as briefs from Jones and the Government chronicling Jones's difficult childhood and drug addiction. App. 21. It nonetheless decided that, "looking at [Jones] as a whole" and wishing him the best "in terms of trying to turn [his] life around," a Guidelines sentence was appropriate. App. 39. Accordingly, we find no procedural error in the District Court's judgment of sentence.

Turning to substantive reasonableness, we note that a sentence is not substantively unreasonable "unless no reasonable sentencing court would have imposed the same

5

sentence on that particular defendant for the reasons the district court provided." <u>Tomko</u>, 562 F.3d at 568. A within-Guidelines sentence is presumptively reasonable because, "by the time an appeals court is considering a within-Guidelines sentence on review, <u>both</u> the sentencing judge and the Sentencing Commission will have reached the <u>same</u> conclusion as to the proper sentence in the particular case." <u>Rita</u>, 551 U.S. at 347. Here, the District Court imposed a sentence at the low end of the advisory Guidelines range. Jones presents no evidence to persuade us that no reasonable sentencing court would have imposed a within-Guidelines sentence in this case.

The record shows that the District Court's sentence was neither procedurally nor substantively unreasonable. The District Court did not abuse its discretion in sentencing Jones to 151 months of imprisonment.

IV.

For the foregoing reasons, we will affirm the judgment of sentence.