**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4193
_____

UNITED STATES OF AMERICA

v.

MIYE CHON a/k/a KAREN CHON,
                                            Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 2-15-cr-00077-001)
District Judge: Hon. William H. Walls
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 15, 2017
_____

Before: CHAGARES, VANASKIE, and FUENTES *Circuit Judges*

(Filed: March 5, 2018)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

VANASKIE, *Circuit Judge.*

Appellant Miye Chon appeals her within Guidelines range sentence for bank fraud, embezzlement of funds by a bank employee, and aggravated identity theft. Chon appears to contend that her sentence was both procedurally and substantively unreasonable. Because her contentions are unsupported by the record, we will affirm the District Court judgment.

I.

Chon pleaded guilty to bank fraud, embezzlement of funds by a bank employee, and aggravated identity theft arising out of a three-year scheme to steal from client accounts at BankAsiana, a commercial bank where she was employed. In the presentence report ("PSR"), the Probation Office calculated an advisory Guidelines imprisonment range of 57 to 71 months on the fraud and embezzlement counts. The PSR also noted a mandatory, consecutive sentence of 24 months' imprisonment on the aggravated identity theft count pursuant to USSG § 2B1.6. The PSR did not identify any factors warranting departure from the Guidelines range.

At sentencing, neither party objected to the PSR's total offense level calculation. The District Court accordingly adopted the report's Guidelines calculation. Chon requested a downward variance from the Guidelines calculation on the fraud and embezzlement counts. Chon's main argument in support of a downward variance was that, although she had initiated the criminal scheme on her own accord, she was "pressured" to continue the scheme by her supervisor, Mr. Ryu. (SA25). The Government acknowledged that, during one of her proffer sessions, Chon had told the

2

U.S. Attorney's Office that her supervisor was involved in the scheme. Additionally, Chon argued that the fact that she was barred from future employment with a financial institution, the fact that she had stolen money in order to repay her family's debts, and the fact that she had young children warranted a downward variance.

The District Court sentenced Chon to 81 months' imprisonment, two years of supervised release, and $1,351,090 in restitution. Chon's imprisonment term was comprised of 57-month terms on the fraud and embezzlement counts to run concurrently; and a mandatory 24-month term on the identity theft count to run consecutively.

Chon now appeals, challenging only the 57 months imposed on the fraud and embezzlement counts.[1] Chon argues that the District Court abused its discretion when it (1) failed to consider her mitigation argument and (2) failed to consider the sentences imposed on other defendants convicted of crimes involving similar loss amounts. Chon also appears to challenge her sentence as substantively unreasonable.

---

[1] The District Court had subject-matter jurisdiction over this criminal case under 18 U.S.C. § 3231. We have appellate jurisdiction over the challenge to the sentence under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). It is undisputed that Chon filed her Notice of Appeal eight days late in violation of Federal Rule of Appellate Procedure 4(b). Yet, in its briefing to this Court, the Government expressly declined to move to dismiss her appeal on timeliness grounds. "Rule 4(b) is not jurisdictional and is subject to forfeiture." *Virgin Islands v. Martinez*, 620 F.3d 321, 327 (3d Cir. 2010). Because the Government has expressly forfeited its timeliness argument, this Court may exercise jurisdiction over this case.

II.

We review a district court's sentence under an abuse-of-discretion standard. *Gall v. United* States, 552 U.S. 38, 51 (2007). Our review proceeds in two stages. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (*en banc*). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . [or] failing to consider the § 3553(a) factors . . . ." *Gall*, 552 U.S. at 51. Assuming no procedural error, we review the substantive reasonableness of the sentence under the totality of the circumstances. *Id.* "At both stages of our review, the party challenging the sentence has the burden of demonstrating unreasonableness." *Tomko*, 562 F.3d at 567.

III.

Chon primarily contends that the District Court abused its discretion when it failed to consider her mitigation argument—in particular, that, although she had initiated the criminal scheme on her own accord, she was forced to continue the scheme by her supervisor, Mr. Ryu. As explained in her appellate brief,

> Even though there was no threat of physical injury or the equivalent thereof, Mr. Ryu's threat to report her offense to the authorities and placation to follow his direction to correct the matter afterward made Appellant regard her at the mercy of him. As such, downward departure in sentencing should have been applied to her.

(Appellant's Br. at 11 (internal citation omitted)). Contrary to Chon's argument, the record makes clear that the District Court listened to and considered the parties' arguments regarding Mr. Ryu's influence. Ultimately, however, the District Court concluded: "Whether it was or was not with the assistance of the supervisor is of no

4

moment to me.  It is what you *willingly* did and for that you have to be punished."
(SA42 (emphasis added)).  The District Court's emphasis on Chon's own willingness to
engage in the scheme demonstrates that it considered, but rejected, Chon's argument
regarding pressure from her supervisor.  Failure to depart or vary downward was not an
abuse of discretion.

Additionally, Chon argues that the District Court abused its discretion by failing
to consider the sentences of other defendants convicted of crimes involving similar loss
amounts.  In support of this contention, she relies upon 18 U.S.C. § 3553(a)(6), which
directs sentencing courts to consider the need to avoid unwarranted sentencing
disparities.  By its text, § 3553(a)(6) directs sentencing courts to compare "defendants
with similar records who have been found guilty of similar conduct[.]"  By comparing
defendants based solely on loss amount, Chon has failed to show that she was similarly
situated to the defendants in the empirical data she provided.  *See United States v.
Charles,* 467 F.3d 828, 833 (3d Cir. 2006) ("[The defendant] has not shown that any of
the defendants in the District Court cases to which he cites are similarly situated to him
for purposes of . . . a § 3553(a)(6) comparison.  Even if he had, a mere similarity would
not be enough to overcome the high level of deference we accord sentencing judges.").
Furthermore, by correctly calculating the Guidelines range, as the District Court did
here, a sentencing court "necessarily [gives] significant weight and consideration to the
need to avoid unwarranted disparities."  *Gall*, 552 U.S. at 54.

5

Accordingly, the District Court did not abuse its discretion when it considered, but rejected, Chon's mitigation argument and sufficiently considered the need to avoid unwarranted sentencing disparities.[2]

IV.

To establish that the District Court's sentence was substantively unreasonable, Chon must show that "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 578. In reviewing such a claim, this Court is "highly deferential" to the sentencing court's weighing of the § 3553(a) sentencing factors. *Id.* (quoting *United States v. Bungar*, 478 F.3d 540, 543 (3d Cir. 2007)).

At the outset, Chon's sentence at the bottom end of her Guidelines range lends support to the conclusion that the District Court's sentence was reasonable. *See Gall*, 552 U.S. at 51 ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness."). In any event, the District Court's thorough discussion of its rationale reveals that it permissibly exercised its discretion in weighing the sentencing factors. According to the District Court, the magnitude of Chon's crime, her willful participation in the scheme for an extended

---

[2] In her reply brief, Chon argues, for the first time, that the "substantial assistance" she provided to law enforcement and her "outstanding employment history" were mitigating factors that should have resulted in a more lenient sentence. (Appellant's Reply Br. at 2-3). The Court need not address these arguments because they were not raised in Chon's opening brief. *See Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 204 n.29 (3d Cir. 1990) ("As a general matter, the courts of appeals will not consider arguments raised on appeal for the first time in a reply brief.").

period of time, her reasons for committing the crime (i.e., to pay down her family's debt), her abuse of a position of trust, and the need to deter others from violating similar positions of trust outweighed the fact that Chon was young and a mother of two. After listening to counsels' arguments, the District Court explained:

> I'm impressed by the circumstances of your committing, willfully, a crime of this magnitude over a period of three years. It was not a circumstance where you merely went and stole, temporarily, a relatively small amount, but, you stole a considerable amount. . . .
>
> I'm impressed by your use of the identity of others to money launder part of your theft. And I'm impressed negatively in the context that you were willingly doing this. Notwithstanding that, you're a mother of two and notwithstanding that you're a young person. . . .
>
> You are a bank robber without the typical weapons of violence that associates[sic] people.
>
> You are a female Willie Sutton in a sense and for that you have to be punished. Willie Sutton was a notorious bank robber who stole because that's where the money was, and you did the same thing. You stole because that's where the money was. It's necessary to punish you because of the nature and magnitude of your crime.
>
> Hopefully the punishment will deter others from pursuing the circumstances under which you, in a position of trust, abused your trust. . . .
>
> So, for all those reasons, Ms. Chon, I characterize you as a bank robber in the nature of the crime and I will sentence you accordingly.

(SA42-44). Ultimately, the District Court concluded that a sentence at the bottom of the Guidelines range was necessary to punish Chon for her crime. The record makes clear that this conclusion was reasonable.

7

V.

Based on the foregoing, we will affirm the judgment of sentence imposed by the District Court.